WARDSWORTH GOODE AND ANOTHER v. THE STATE.

Where there was no return of the *scire facias*, as to one of two sureties to a recognizance, and judgment was rendered against the other parties, without notice of such surety, this Court said that if the proceedings did not operate as a discontinuance as to him, there was nothing in the law or practice of this Court to prevent the case from being now dismissed as to him, and affirmed against the other.

The defendant's answer to a *scire facias* to show cause why judgment *nisi* on his recognizance should not be made final, should show cause for his failure to move to set aside the forfeiture *nisi*, at the Term of the Court at which it was entered. Such motion should be made at the earliest practicable moment.

That the defendant was not present when his case was called, because he had been riding in performance of his duties as Deputy Sheriff until a very late hour of the night previous to the calling of said case, and, having lost much sleep, had laid down at noon of said day to rest, and fell asleep and did not hear the call of the Sheriff, although he was in hearing of the call had he been awake; that he fully expected to be present and had no intention of absenting himself, but for

his loss of sleep; that he was present at the Court House within a very short time after the case had been called and the forfeiture against him taken; that he made every effort to be present, and failed only by the above accident, *Held*, not to be a sufficient answer to a *scire facias* to show cause why a forfeiture *nisi* of a recognizance to answer an indictment for betting at faro, should not be made final.

Appeal from Fayette. The Recognizance of Wardsworth Goode, as principal, and Charles F. Haswell and James Murphy, at Fall Term, 1853, to answer an indictment for betting at faro. September Term, 1854, forfeiture *nisi*. *Scire facias*; no return as to Murphy, and defective return of service on the others. Haswell did not answer. Goode answered; a copy of his answer is given in the third paragraph of the synopsis of this report. Judgment final against Haswell and Goode.

*B. Shropsher*, for appellants.

*Attorney General*, for appellee.

WHEELER, J. The State might have dismissed as to the defendant Murphy, who was not served with process, before taking judgment against his co-defendants; and this doubtless would have been the regular course of proceeding. But if the proceeding to judgment against his co-defendants without an alias citation, or any citation as to him, was not a discontinuance of the action against him, there is nothing in the law or practice of this Court to prevent the case from being now dismissed, as to him. There having been no legal service upon Haswell, (Hart. Dig. Art. 678, 679,) the judgment must be reversed, and the case dismissed as to him also. But the defendant, Goode, appeared, and thereby cured the defective service upon him. His answer, however, showed no cause for his failure to move to set aside the forfeiture *nisi*, at the Term of the Court at which it was entered. This he should have done at the earliest practicable moment; and his failure to do so

leaves the inference that he availed himself of his own default to obtain a continuance of the cause until another Term, when the witnesses of the State might not be in attendance, and his chances for an acquittal might be increased. Had he answered at the Term, instead of deferring it until another Term, his answer might have been entitled to more consideration ; but even then, if, in the mean time, in consequence of his default, the witness had departed, so that a trial could not be had at that Term, his answer would not have been entitled to favorable consideration ; and must have been held insufficient. It should have shown satisfactory cause, to be judged of by the Court, for his default. Not having done so, it was manifestly insufficient ; and there was, therefore, no error in treating it as an insufficient, or as no answer, to the *scire facias*, and giving judgment accordingly ; and as to this defendant the judgment is affirmed.

NOTE FOR THE REPORTER.—There was an Opinion delivered at the last Term, which is an authority for the foregoing on the question of the sufficiency of the answer to the *scire facias*, which hasbeen omitted in the published Opinions of that Term.

Ordered accordingly.