JOHN A. WILCOX AND OTHERS V. THE STATE.

A recognisance, (taken before the adoption of the code,) which requires the defendant to appear at the " next term, then and there to answer the charges exhibited against him, and that he will not depart therefrom, without the leave of the court," is not more onerous than the law requires.

The terms in such recognisance, that he shall " abide such judgment, sentence, or decree as may be rendered against him," are simply to ensure the attendance of the defendant upon the court, so as to submit himself to its final judgment.

Where the securities in the recognisance rely, as a defence against the forfeiture, on a variance between the name of the accused in the indictment, and as written in the recognisance, it is not error for the court to submit the issue to the jury, whether or not the person indicted was the same who was recognised.

A general judgment against the administrator of an estate, is erroneous ; it is in violation of the statute, which requires that the judgment " shall be paid in the due course of administration."

Where the judgment neither orders that an execution shall issue, nor otherwise directs the mode of its enforcement, this court will render the proper judgment.

APPEAL from Bexar.    Tried below before the Hon. Thomas J. Devine.

This was an action by *scire facias*, instituted by the State, to recover of John Wilcox, and from the estate of John S. M'Donald, deceased, the sum of $500, the amount of a recognisance entered into by H. A. Mann, as principal, and Wilcox and M'Donald, as sureties, on an indictment against Mann, for grand larceny.

The indictment, which was filed on the 5th of April, 1856, charged the offence against " —— Mann, (whose christian name to the jurors aforesaid is unknown.)"

The recognisance entered into on the 16th day of April, 1856, in the District Court, was as follows :—

" The State of Texas ⎱    The defendant in this cause, having
854        v.         ⎰ been arrested by virtue of a *capias*,
   " H. A. Mann.        ⎰ issued from this court, at its present

term, on an indictment found against him for grand larceny; comes the said H. A. Mann, as principal, and John S. M'Donald and John A. Wilcox, as sureties, and acknowledge themselves jointly and severally bound, unto the State of Texas, in the full sum of $500, to be levied and made of their goods, chattels, lands, and tenements; to be void, nevertheless, if the said H. A. Mann, shall faithfully appear before this court, at its next succeeding term, and there remain from day to day, and from term to term, and abide such judgment, sentence, or decree, as may be rendered against him in said case."

At the Spring Term, 1858, a judgment *nisi* was rendered on the recognisance, for the default of Mann to appear and answer the charge against him, against the principal, and the said Wilcox, and the administrators of John S. M'Donald, deceased.

A motion was thereafter filed by Wilcox, and the administrators, to quash the recognisance, because it was not in conformity to the statute, and was more onerous than was required by law. They also answered, "that no sufficient legal indictment, was at any time found by the grand jury of Bexar county, against their said principal, the said *H. A. Mann.*" "That the recognisance required of him, was illegal, and without authority, there being at the date of said recognisance, no pending indictment against him, the said *H. A. Mann*, in the District Court of Bexar county."

The motion was overruled by the court. A verdict on the issue of fact was rendered in favor of the State, and there was judgment thereon as follows: "Wherefore, it is considered by the court, that the State of Texas recover of the said defendants, H. A. Mann, John A. Wilcox, and James G. M'Donald, administrator, and Clintonia B. M'Donald, administratrix of John S. M'Donald, deceased, the sum of $500, and all costs in this behalf expended."

Wilcox, and the administrators, prosecuted this writ of error. There was no statement of the facts proved. The plaintiffs in error assigned for error, *inter alia*, as follows: The court erred

in overruling the motion to quash the recognisance. The court erred in the charge to the jury, there being no allegation or proof, that —— Mann, in the indictment, was the same person who entered into the recognisance. The judgment is erroneous in this, that it is without qualification, as to the administrator and administratrix of John S. M'Donald, deceased, but permits execution to be issued against the property of said estate.

*W. B. Leigh,* for the plaintiffs in error.

*Attorney-General,* for the defendant in error.

ROBERTS, J.—It is objected, that the recognisance in this case is more onerous than the law requires. · It is presumed, that reference is made to the terms of the recognisance, which requires the defendant to appear from day to day, and from term to term. The bail bond prescribed in the statute required the defendant to appear at the " next term, then and there .to answer the charges exhibited against him, and that he will not depart therefrom, without the leave of the court." (Hart. Dig., Art. 2889.) The object of this was to secure his appearance in court. The court could then, if the case was not tried, require him to enter into a recognisance, to appear from term to term, as was done in this case. And such was, as it is believed, the correct practice, under the statute referred to. The terms, that he shall " abide such judgment, sentence, or decree as may be rendered against him in said cause," are simply to insure his attendance upon the court, so as to submit himself to its final judgment.

It is objected that defendant was indicted by the name of —— Mann, and entered into a recognisance by the name of H. A. Mann. This variance was pleaded on the trial, and the issue was submitted to the jury, whether or not the person indicted was the person recognised; and they found that he was the same. The defendants presented this issue, and it was found against them, and no error is perceived in the action of the court in reference to it.

It is contended, that the judgment is erroneous, because it is

rendered generally against the administrator and administratrix of the estate of one of the securities. The court does not order execution to issue against any of the defendants, or otherwise direct the mode of its enforcement. As to the administrator and administratrix, this is in violation of the statute which requires that the judgment " shall be paid in the due course of administration," and that no execution shall issue thereon against them. (O. & W. Dig. 130, Art. 503.) The judgment will therefore be reversed and rendered in this court in proper form.

Reversed and rendered.