## JOHN BARNES v. THE STATE.

A recognizance taken by a District Court in a case of theft, was conditioned for the appearance of the defendant "before our District Court now in "session, and to continue to appear from day to day, and term to term, to "answer," etc. *Held*, that the recognizance is bad, because it does not require the defendant to appear at any particular place, nor show where or in what particular court the indictment is pending.

APPEAL from Matagorda. Tried below before the Hon. William H. Burkhart.

There is no occasion for a statement of the facts.

No brief for the appellant has reached the hands of the reporter.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J. This is an appeal from a final judgment on a forfeited recognizance.

The recognizance is fatally defective in not requiring the defendant to appear at any particular place to answer an indictment, neither does the recognizance show when or in what particular court the indictment which the defendant is bound to

answer is pending.  The court therefore erred in refusing to set aside the judgment *nisi*, and dismissing the case; and therefore the judgment is reversed and the cause dismissed.

Reversed and dismissed.