## P. SASS v. THE STATE.

1. SCIRE FACIAS — PRACTICE. — When service of *scire facias* was had on some only of the sureties on a joint and several bail-bond, it was competent for the State to dismiss as to those not served, and proceed to judgment against the principal and the sureties who had been duly served.

2. SAME — JUDGMENT. — On a forfeited joint and several bail-bond, judgment *nisi* was erroneously entered against the principal and each surety, separately, for the entire amount of the bond; but by the final judgment the State took but one recovery against the principal and the surety cited. *Held*, that the final judgment corrects the error in the judgment *nisi*, and is itself correct.

3. SAME — ON ERROR. — Judgment final rendered by default on a judgment *nisi* will not be reversed on error because of mere formal and immaterial defects in the *scire facias*, not objected to in the court below.

ERROR from the District Court of Burleson. Tried below before the Hon. A. S. BROADDUS.

The plaintiff in error was the surety duly served on the *scire facias*.

*C. O. Sorelle*, for the plaintiff in error.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The dismissal as to the surety not served, and entry of judgment against the principal and the other surety, who had been duly cited, were in accordance with a practice long established in this State, and cannot constitute a reversible error. *Goode* v. *The State*, 15 Texas, 124. The bond, it is true, was joint and several, and the judgment *nisi* was against the principal and sureties, each for the full amount of the bond. Had the final judgment been entered in like manner, the error would have been fundamental. *Ishmael* v. *The State*, 41 Texas, 244. In it, however, the error was corrected, and the proper entry made that the State should have and recover of the principal and surety the amount of the bond; and this, it is deemed, removes all cause of complaint by appellant on that account.

The *scire facias* is defective in form, but when examined is found to contain in substance all the requisites of the law. It states the facts of which the parties were required to take notice and answer, not with precise verbal accuracy, but sufficient to give notice and support a final judgment. *The State* v. *Cox*, 25 Texas, 404; *Brown* v. *The State*, 43 Texas, 349; *Cowen* v. *The State*, 3 Texas Ct. App. 380.

There is no error in the record, and the judgment is affirmed.

*Affirmed.*