## WILLIAMSON ET ALS VS. THE STATE OF TEXAS.
### COURT OF APPEALS, AUSTIN TERM, 1882.

*Recognizance—Requisites of*—Where the condition of the recognizance was that the defendant "make his personal appearance at the next term of this court, and there remain from day to day, and term to term, thereafter, to answer and stand trial upon an indictment presented against him at the present term of this court, for the theft of a heifer, and that he do not depart the court without leave," *held,* under Art. 287, subdivision 4. C. C. P., to be fatally defective.

Error from Hays county.

Opinion by White, P. J.

The condition of the recognizance was "that the said An-

drew Williamson makes his personal appearance at the next term of this court, and there remain, from day to day, and from term to term, thereafter, to answer and stand trial upon an indictment presented against him at the present term of this court for the theft of a heifer, and that he do not depart the court without leave." In response to the *scire facias*, issued upon the judgment *nisi*, the sureties advanced as reasons and causes why the judgment should not be made final:

First, That it does not appear by said recognizance that the defendant is accused of any offense against the laws of the State of Texas.

Second, Because said recognizance does not state the time and place when and where the defendant is bound to appear, and the court, before which he is bound to appear, and that said recognizance is burdensome and requires defendant to appear thereafter at this court forever."

These special exceptions were overruled by the court, and they form the basis of the errors complained of on this appeal. One of the requisites prescribed by the statute with regard to the sufficiency of a recognizance is, "That the time and place, when and where the defendant is bound to appear, be stated, and the court, before which he is bound to appear. C. C. P., Art. 287, sub. div. 4.

A recognizance similarly conditioned was held good in Wilcox vs. State, 24 Tex., 544, but it was entered into before the adoption of our codes. The recognizance in Barnes vs. The State, 36 Tex., 332, was much more explicit than the one we are considering. In that case the condition was for the appearance of the defendant "before our district court now in session, and continue to appear from day to day, and term to term, to answer etc." But the court held, that "the recognizance is fatally defective, in not requiring the defendant to appear at any particular place, to answer an indictment, neither does the recognizance state, when and in what particular court the indictment the defendant is bound to answer is pending," and the judgment final was not only reversed, but the cause was dismissed.

To the same effect is the decision of this court in Peel vs. State, 3 Tex. Court of Appeals, 326. Under these authorities

the court below erred in overruling the special exceptions of defendant, *supra*, for which error the judgment is reversed and cause dismissed.