## SYNOPSIS OF OPINIONS.

[NOTE.—Under this head we will give a syllabus of such opinions of the Supreme Court, Court of Appeals and Commission of Appeals, which we will be unable to report in full.—ED.]

### SUPREME COURT, AUSTIN TERM, 1882.

*Abandonment of Homestead.*—The most conclusive evidence of an intention to abandon a homestead is the acquisition of another, and whatever clearly evidences such an intention, coupled with an actual removal is sufficient to establish the fact of abandonment. The record shows a removal to another place, which the father of the appellant's husband had promised to give to him, and the declaration of the appellant after her removal and prior to the sale of the property, that she did not claim the same as her homestead. *Held,* coupled with an absence from the property for twenty years, with no assertion of homestead right, these facts evidence a removal with intention never to return and this constitutes abandonment. Carter vs. Wheeler; appeal from Denton; Affirmed. Stayton, J.

*Practice—No Power in Husband to Grant Right of Way over Separate Property of Wife—Evidence.*—Where the question whether the property appropriated was the community property of the husband and wife, or the separate property of the wife, was fairly submitted to the jury and they find it the separate property of the wife, and there being evidence to sustain the finding, this court will only consider that part of the assignment of errors which refers to the property as separate estate. The right of way attempted to be granted to the railroad in this case was something more than an easement, and as such carried with it an interest and estate in the separate property of the wife, which at no future time could be revoked. The power to make such conveyance exists only in the owner of the soil, and the statutes of this State have vested no such power in a husband in reference to lands the separate property of the wife. The court did not err in permitting proof as to the understanding between Mrs. Durrett and her husband at the time the land in controversy was deeded to

her that the same should be her separate property. T. & P. Ry. Co. vs. Durrett; appeal from Dallas; affirmed. Stayton, J.

*Practice—Presumption—Charge of Court.*—If no objection at the time is made to action of the court complained of afterwards, it would be presumed that the action of the court was by consent of parties who are to be presumed to be in court at the time the matter occurred. The rule forbidding the judge to charge upon the weight of evidence does not require or authorize him to assume as doubtful that which is clear and indisputable or to assume hypothesis at variance witd the certain fact. I. & G. N. R. R. vs. Stewart; appeal from Travis; affirmed. Stayton, J.

*Fraud—Misrepresentation—Concealment of Material Facts.*— A brought suit on certain promissory notes for a part purchase money of land sold to B, a married woman B; answered alleging when the notes were given she gave them through certain fraudulent inducements made in reference to the land. Some of the matters alleged to have been falsely represented were such as were material and upon which the purchaser had the right to rely. Upon the trial the court in effect charged that if the appellees bought the land and had not paid for it to find a verdict for plaintiff, and refused to submit to the jury a charge upon the question as to whether or not the sale was made through the misrepresentations of A, in regard to matters which were material. *Held,* nothing can be better settled than that fraud vitiates any contract and may consist in misrepresentations or in concealment. Every misrepresentation with regard to anything which is a material inducement to a sale which is made to deceive the vendee, vivitiates the contract of sale. With the rescission of the sale, if made upon the ground of fraudulent misrepresentations by which the sale was induced, the fraudulent vendor could not be permitted to hold that part of the purchase money obtained by his own wrong but should be made to restore it, or such part as remained after deducting a reasonable sum for the rent of the land while in possession of the vendee. Sellers vs. Vogel and wife; appeal from Comal; reversed and re manded. Stayton, J.

*Interest on Wife's Money is Community Property.*—A and B brought an action to enjoin the sale of a part of a certain tract of land levied on by virtue of an execution against A, the husband of B, the latter claiming it as her separate estate bought with $800 given her by a relative and $400 accrued interest thereon. Verdict for defendant and case appealed, presenting the question whether or not interest on money the separate estate of the wife is community property, *held*, that such interest is community property, and land purchased with money, the separate estate of the wife, and interest thereon, is community property in so far as that portion purchased by the accrued interest and is subject to execution in proportion to the amount of interest which was invested in the land. Braden et al vs. Gose; appeal from Bexar; affirmed. Stayton, J.

*Bankruptcy—Omission from Schedule—Estoppel.*—The fact that certain land was omitted from the schedule of property of a bankrupt, whether intentional for the purpose of defrauding his creditors, or caused by forgetfulness, or inadvertence, or by the fact that he had parted with the title, does not equitably estop him or his heirs from claiming the land unless as against some one who was deceived by his omission or induced thereby to purchase from some other claimant. On the termination of the proceedings in bankruptcy all property undisposed of reverts to the bankrupt or his estate. Jones et al vs. Pyron; appeal from————; affirmed. Gould, C. J.

*Description—Discrepency in Judgment—Specific Performance.*—The description of land in a judgment, though defective, if accompanied by a plat which identifies it clearly, is sufficient. The simple discrepancy in the sum or amount of the consideration in a judgment is not sufficient to set it aside. Proof of the contract, though made by the plaintiff under oath, will not warrant a decree for specific performance, but in the material facts the plaintiff's testimony was corroborated, and this is sufficient. Vela vs. Herrera; appeal from Wilson; affirmed. Delaney, J.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Habeas Corpus—Evidence.*—Where on the trial of a writ of habeas corpus it is shown that the defendant was held by a capias and a valid indictment, it must appear upon the whole evidence that his guilt is evident, and that he is guilty of a capital offense, that is, murder in the first degree, or the case is a bailable one, and this question is to be determined without reference to whether introduced by the appellant or by the State, and without reference to the prima facie case, which would, in the absence of proof be made by the production of a capias and a valid indictment. Bail in the sum of $1,000 granted. Ex parte Rawdon; Habeas corpus from Fort Bend; bail granted. Winkler, J.

*Challenge of Juror for Cause.*—The fourteenth challenge for cause contained in the code of Criminal Procedure, article 636, viz: "That he cannot read and write," means an inability to read and write the English language, and the qualification of being able to read and write the German language, would not remove the objection. Appellant, with several other parties, were jointly indicted for the theft of several animals belonging to different parties. On the trial, at the same time and place, a juror was challenged for cause, because he was the brother of one of the parties whose animal was stolen, though not the owner of the animal alleged to have been stolen in the indictment for which the defendant was on trial. *Held,* the juror was incompetent because the court erred in holding him competent, he was related within the prohibited degree to one of the parties injured by the offense against all, though by different indictments. Wright vs. The State; appeal from Kendall; reversed and remanded. Winkler, J.

*Practice—No Appeal after Payment of Judgment.*—Appellant was tried and convicted in the lower court for an aggravated assault and fined $25 and costs. He paid, settled the judgment, paying the fine and costs, and afterward made a motion for a new trial, which being overruled, he entered into recognizance and appealed. On motion to dismiss the appeal the court said: When the defendant had been tried and convicted and a pecuniary fine had been imposed against him,

and he had a right to select which he would pursue, and having so selected, he must be held bound by the remedy of his choice. Having treated the matter at an end, by recognizing the judgment as valid and binding, to apply for a new trial would be inconsistent. Payne vs. The State; appeal from Cooke; appeal dismissed. Winkler, J.

*Swindling—Intent must Exist at Time of Offense.*—Appellant and a friend were throwing dice in the store of one Howry for cigars. Having lost several times and paid for them, appellant finally lost and was called on to pay for the cigars by Howry, when he remarked that Howry need "not be uneasy," he had "the money to pay for them." When the game finished appellant owed three dollars which he told Howry he would go home and get for him. This was in the evening. Howry immediately filed information against him for swindling. In the morning defendant appeared and offered to pay for the cigars, which Howry refused. *Held*, the fraudulent intent must have existed at the time the false pretenses, if any, were made, by which the property in controversy was obtained, or there was no intention to swindle. Popinaux vs. The State; appeal from Denton; reversed and remanded. Hurt, J.

*Assault with Intent to Murder—Erroneous Charge—Self Defense.*—Appellant was indicted for an assault with intent to murder, and on trial was convicted of aggravated assault and fined $25. The defendant's counsel asked the following instruction: "If you believe from the testimony that Work was in the act of procuring a shotgun to engage in a conflict with North before North had done any act showing a purpose to injure said Work, then you are instructed that North had the right to shoot, and North was not bound to wait until Work had made an effort to shoot, and if under these circumstances the defendant shot at Work, if he did shoot at all, you are instructed that he had the right to shoot." This charge was refused. *Held,* the instruction enunciates a correct principle of law; but states the case too strong against the prosecution. It should have been given with this modification, that if by the acts of Work, the life of North was endangered, and the danger was imminent and pressing, in such

case the defendant had the right to shoot in order to prevent the intended injury to himself. North vs. The State; appeal from Tarrant; reversed and remanded. Winkler, J.

*Public Roads*—If a road has long been used as a public road and recognized as such by order of the county court appointing hands to work it, these facts are sufficient evidence to establish the fact that it was a public road independent of an order of the court to that effect. Michel vs. The State; appeal from Comal; affirmed. Hurt, J.

*Trespass—Turning Stock upon Premises of Another.*—Appellant rented a portion of an enclosed tract of land which was enclosed by only one fence. There was no cross fence between his land and that not rented by him; *held,* when the defendant turned his horses in the field he did not by that act cause his horses to go into the land of another. Coggins vs. The State; appeal from Collin; reversed and dismissed. Hurt, J.

*Practice—Criminal Procedure.*—There is nothing in the record to show that the defendant either plead guilty or not guilty; *held,* that there is no exception to the rule; without a plea there cannot be any issue for the jury to determine, and the result of a trial without it, if a conviction, is a nullity. Bates vs. The State; appeal from Travis; reversed and remanded. White, P. J.

*Recognizance—Requisites of.*—A recognizance conditioned that "Andrew Williamson makes his personal appearance at the next term of the court, and there remain from day to day and term to term thereof, to answer and stand trial upon an indictment presented against him at the present term of this court, for the theft of a heifer, and that he do not depart the court without leave." *Held,* that such recognizance is fatally defective, in not showing the time and place when and where the defendant was bound to appear, nor the court before which he was to appear. ]C. C. P., art. 287, sub. 4.] A recognizance similarly conditioned was held good in 24 Texas, 544, before the adoption of our present codes. [Vide Barnes vs. The State, 36·Texas, 332; 3 Court of Appeals, 326.] Williamson vs. The State; appeal from Hays; reversed and dismissed. White, P. J.