### A. WILLIAMSON AND OTHERS *v.* THE STATE.

RECOGNIZANCE.—The Code of Procedure requires that a recognizance must state the time, place and court when, where, and before which the defendant is bound to make his personal appearance. This requirement is not complied with by a stipulation that the defendant shall appear "at the next term of this court, and there remain," etc.

ERROR from the District Court of Hays. Tried below before the Hon. L. W. MOORE.

The case is disclosed in the opinion.

*W. O. Hutchison,* for the plaintiffs in error.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The condition of the recognizance was "that the said Andrew Williamson makes his personal appearance at the next term of this court, and there remain from day to day and from term to term thereafter,

to answer and stand trial upon an indictment presented against him at the present term of this court for the theft of a heifer, and that he do not depart the court without leave." In response to the *scire facias* issued upon the judgment *nisi* the sureties advanced, as reasons and causes why the judgment should not be made final: "1. That it does not appear by said recognizance that the defendant is accused of any offense against the laws of the State of Texas.

"2. Because said recognizance does not state the time and place when and where the defendant is bound to appear and the court before which he is bound to appear; and that said recognizance is burdensome and requires defendant to appear thereafter at this court forever."

These special exceptions were overruled by the court, and they formed the basis of the errors complained of on this appeal.

One of the requisites prescribed by statute with regard to the sufficiency of a recognizance is "That the time and place when and where the defendant is bound to appear be stated, and the court before which he is bound to appear." Code Crim. Proc. art. 287, subdiv. 4. A recognizance similarly conditioned was held good in *Wilcox* v. *State*, 24 Texas, 544, but it was entered into before the adoption of our Codes. The recognizance in *Barnes* v. *State*, 36 Texas, 332, was much more explicit than the one we are considering. In that case the condition was for the appearance of the defendant "before our District Court now in session, and continue to appear from day to day and term to term, to answer," etc.; but the court held that "the recognizance is fatally defective in not requiring the defendant to appear at any particular place to answer an indictment, neither does the recognizance state when and in what particular court the indictment which the defendant is bound to answer is pending;" and the judgment final was not only reversed but the cause was

dismissed. To the same effect is the decision of this court in *Teel* v. *State*, 3 Texas Ct. App. 326.

Under these authorities the court below erred in overruling the special exceptions of defendant; for which error the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*