[No. 2953.]

### E. C. Ray *v.* The State.

1. Scire Facias—Recognizance.—One of the requisites of a recognizance is that it shall state the court before which, and the time and place when and where, the principal cognizor is bound to appear. The condition of the recognizance in this case is that the cognizor "shall well and truly make his personal appearance before the honorable district court of Parker county, Texas, now in session, at the court house thereof, in the town of Weatherford, and here remain from day to day," etc. *Held,* a full and explicit compliance with the statute.

2. SAME—PRACTICE.—Article 452 of the Code of Criminal Procedure provides that "if a bail bond, or recognizance, be valid and binding as to the principal and one or more of the sureties, they shall not be exonerated from liability because of its being invalid and not binding as to another or other sureties." Under this statute, judgment can be rendered in favor of one surety, and against the principal and another surety, if the facts so require. See this case in illustration.

3. SAME.—SCIRE FACIAS, as well as any other suit, may be dismissed as to one defendant and maintained as to another. Even where one surety has not been served, suit may be dismissed as to him and judgment taken against those served; and if judgment be taken against the surety not served, it may be dismissed as to him, even in the Appellate Court.

4. SAME—LIABILITY OF SURETY.—A recognizance is not only a joint, but a joint and a several undertaking, and if good as to the principal and any one of the sureties, they are not only bound, but are liable, though another surety may not be.

APPEAL from the District Court of Parker. Tried below before the Hon. A. J. Hood.

The appeal in this case is from the forfeiture of the appearance bond of one John Campbell, bailed under a charge of cattle theft. The amount of the bond was five hundred dollars.

*McCall & McCall,* for appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. One of the requisites of a recognizance is "that the time and place, when and where the defendant is bound to appear be stated, and the court before which he is bound to appear." (Code Crim. Proc., Art. 289, subdiv. 4.) In this case the recognizance is conditioned that defendant "shall well and truly make his personal appearance before the honorable district court of Parker county, Texas, now in session, at the court house thereof, in the town of Weatherford, and here remain from day to day," etc. This unquestionably stated, and as explicitly as it well could be stated, the time and place and when and where defendant should appear. There can be no doubt about the matter. The time and place were now and here, at this very time and at this very place, before the "district court of Parker county now in session in the town of Weatherford, wherein you, the cognizor, are entering into this very recognizance, and that you will *here* remain from day to day," etc.

If there is any possible chance for a mistake as to this matter we have been unable to see it. There is no similarity between this recognizance and those in the cases cited, viz., *Barnes* v. *The State,* 36 Texas, 332, and *Teel* v. *The State,* 3 Texas Court of Appeals, 326. The exception to the recognizance on this ground was properly overruled.

When the *scire facias* case was first tried, there was a judgment against all the parties, on the merits as to Hegan, one of the sureties, and by default as to appellant Ray. This judgment was set aside on motion of the defendant Hegan. At the next term Hegan filed a new answer, and on the second trial judgment was rendered by default against Ray and Campbell, but in favor of Hegan. These judgments were also set aside, and at the next term the prosecuting attorney suggested the death of Hegan, and dismissed the cause as to him. Appellant Ray filed a plea in abatement and in bar, to the effect that the judgment in favor of Hegan on the merits at the last term had never been set aside; that the action was joint and the judgment must be joint, or if there could be any judgment as to Ray it must be in a separate action. The court found against these pleas, and the action is assigned as error.

Because the recognizance is a joint obligation or undertaking is no reason why the judgment, as between the sureties, so far as the sureties are concerned, should be joint, and if it be admitted that the judgment in favor of Hegan and by default against Ray and Campbell, had never been set aside, the finding and judgment in behalf of Hegan would not and could not necessarily release or discharge appellant Ray, the other surety. A reference to the statute will fully dispose, we think, of the question. The Code of Criminal Procedure, Article 452, provides that if the bail bond or recognizance "be valid and binding as to the principal and one or more of the sureties, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties." Under this statute judgment can be rendered in favor of one surety and against the principal and another, if the facts so require.

But, as stated above, if the judgment was in favor of Hegan, it, as well as the judgment against appellant, was set aside. At the next term of court Hegan's death was suggested and the prosecution as to him dismissed. This could be done in *scire facias,* as well as in any other civil case. And even where one surety has not been served, it seems that suit may be dismissed as to

him and judgment taken against those served, and if judgment be taken against the surety not served, it may be dismissed as to him, even in the Supreme Court. (*Goode* v. *The State*, 15 Texas, 124; *Sass* v. *The State*, 2 Texas Ct. App., 426; Clark's Crim. Law of Texas, p. 439, note 168.)

A recognizance is not a joint only, but a joint and a several undertaking, and if good as to the principal and any one of the sureties, they are not only bound but liable, though another surety may not be.

We find no reversible error in the record of the trial of this case and the judgment is affirmed.

*Affirmed.*

Opinion delivered May 21, 1884.