Benjamin Horn, Security for James W. Harrison, vs. The State of Texas — Error from Lamar County.

The common law processs practice has never been adopted in our courts, although the common law terms are frequently used in our statutes. The term *scire facias* is often used, when it is evident that nothing more than a mere notice was intended. [1 Tex. 147.]

A notice to a party of what has been done, and requiring him to appear and show cause why a conditional judgment should not be made final, is all that is required.

Everts for plaintiff in error.

Harris, Attorney General, for defendant in error.

Opinion of the court by Lipscomb, Justice.

This was a proceeding on an indictment found by the grand jury of Lamar county against James W. Harrison, for retailing spirituous liquors without license. A *capias* was sued out against Harrison, to compel his appearance to answer to the indictment. He was arrested on the *capias*, and entered into bond for his appearance at the succeeding term of the court, with Berry Horn and Thomas E. Wesson, in the penalty of two hundred dollars. This bond was forfeited, and a judgment *nisi* entered against the principal and his sureties, for the penalty of two hundred dollars, and a *scire facias* issued to the parties to show cause why the judgment should not be made

final. No cause being shown, the judgment was made final, and the cause has been brought into this court by writ of error.

We can perceive no error in the proceedings. They have been conducted with rather more than usual formality. The judgment *nisi*, on the first default, seems to have been substantially entered. The *scire facias* is not as formal as that process is usually found in common law precedents, but it is believed to be good in substance, and calculated to give notice to the defendants of the judgment *nisi*, and of the grounds on which it was entered, to enable them to make their defense, if any they had. The common law process practice has never been adopted in our courts, although the common law terms are frequently used in our statutes. The term *scire facias* is often used when it is very evident that nothing more than a mere notice was intended. [Boon *vs.* Roberts, 1 Texas R. 147.] A notice to the party of what has been done, and for his appearance to show cause why the conditional judgment should not be made final, is all that can be required. In the case before us, only one of the parties sued out the writ of error and gave bond. The judgment as to the others is not before us. We can only affirm the judgment against the plaintiff in error, Benjamin Horn, and his sureties.