## JAMES R. JACKSON v. THE STATE.

Where judgment final was taken against a defendant and his sureties on his appearance bond, for the penalty in the bond, and the same day the defendant moved the Court to set aside the judgment, and for leave to make his defence, and made affidavit that he was surprised by the judgment being taken during a short absence of an hour or two from Court, this Court said : "As the application was made on the same day that the judgment was entered, and as all bonds and recognizances for appearance to answer the charge of the State, are intended to secure the trial of the offender rather than to mulct his securities in a penalty, we believe the motion ought to have been allowed.

A Sheriff taking a defendant upon a *capias* requiring him to have the body of the defendant forthwith in Court, then in session, has no authority to take the defendant's bond for his appearance forthwith in Court, and a bond so taken is void.

In a *scire facias* against the defendant and the sureties on his bond for his appearance to answer a charge of the State, it should be shown under what authority the bond was taken, at what time—in fine, the bond itself should be substantially set out, to enable the parties to know the foundation of the proceedings against them, and to enable the Court to know upon what grounds a judgment is asked.

Appeal from Travis.

*Sublett*, for appellant.

*Attorney General*, for appellee.

LIPSCOMB, J.    This was a proceeding on *scire facias* against the appellant and his securities, Hall and Lot.    The appellant had given his bond with his securities, for his forthwith appearance in Court, then in session, to attend from day to day to answer an indictment found against him for playing a game at keno.    He was called, and not answering, a judgment *nisi* was taken against him and his securities for the penalty of the bond, and *scire facias* issued against them to show cause why the judgment should not be made final.    The writ was returned, made known, and judgment was made final.    On the same

day that the judgment was made final, appellant by his counsel moved the Court to set aside the judgment, and for leave to make his defence. This motion was supported by a pretty strong affidavit, showing how the appellant was surprised by the judgment being taken during a short absence of an hour or two from Court.

As the application was made on the same day that the judgment was entered, and as all bonds and recognizances for appearance to answer the charge of the State, are intended to secure the trial of the offender rather than to mulct his securities in a penalty, we believe the motion ought to have been allowed.

We have, however, a more substantial objection to the judgment, than the one just noticed. The *scire facias* does not show sufficient grounds to authorize the judgment. A very obscure reference is made to the bond of the appellant. It does not appear who received and approved of it, nor by whose order it was taken; but from its being taken in Term time, and conditioned for the appellant's forthwith appearance in Court, there can be no doubt but it was taken by the Sheriff, without authority, on a *capias* issued, requiring him to have the body of the appellant forthwith in Court, as was the case of Busby *et al.* v. The State, decided at the present Term, and like that the bond was void.

If the bond was valid, it is not sufficiently set out in the *scire facias* to sustain a judgment. It should be shown in substance under what authority the bond was taken, at what time—in fine, the bond itself should be substantially set out, to enable the parties to know the foundation of the proceedings against them, and to enable the Court to know on what grounds a judgment was asked. So far as the record gives us any information about the bond, we believe it was void, because taken without any authority. The judgment must therefore be reversed.

Judgment reversed.