## ALFRED BAILES v. THE STATE.

Where the bond was for appearance to answer a charge of "betting at a game called Faro," and the *scire facias* recited the forfeiture of a bond to answer a charge of "playing cards for money," and judgment went by default, it was held, on appeal, that the variance was fatal.

A recital in the entry of final judgment, without a jury, on *scire facias*, on a forfeited recognizance, after default day, that the attorney for the defendant "is allowed to file an answer," without reciting that the defendant came in person or by attorney, and no answer appearing in the transcript, does not import an appearance by the defendant.

Appeal from Guadalupe. The transcript did not state who presided in the Court below.

The bond was for the appearance of Henry Trammell to answer an indictment for "betting at a game called Faro." *Scire facias* for Trammell returned not found. The *scire facias* for Bailes, the surety, recited the forfeiture of a bond for the appearance of Trammell to answer an indictment for "playing cards for money;" returned served. The entry of final judgment, commenced as follows: The attorney for the security, Bailes, is allowed to file answer, and on motion of the District Attorney the cause is dismissed as to defendant Trammell, and judgment final asked against his surety Bailes. It is therefore considered, &c.; judgment against Bailes for $200, the amount of the bond. The Court commenced on the 3d of November and this entry was made on the 11th.

*J. Ireland,* for appellant. The variance between the bond and *scire facias* is fatal. (Dangerfield v. The State, 4 How. Miss. R. 658.) Besides, "playing cards for money" is no offence, without statement of place.

*Attorney-General,* for appellee. Though the *scire facias* may have been defective, it was cured by the appearance of the party, and the leave obtained to answer. His answer does not appear in the record, but this cannot alter the case.

WHEELER, J.    There manifestly is a fatal variance between the recognizance and *scire facias* as respects the offence.    And we do not think the recital in the entry of judgment sufficient to warrant the Court in holding the objection to have been waived, when it nowhere appears that the defendant was in Court, or that he was represented by any attorney, who undertook to appear and make defence for him.

The judgment is reversed and the cause remanded.

Reversed and remanded.