## W. A. CUSHMAN ET AL. v. THE STATE OF TEXAS.

1. A writ of *scire facias* upon a forfeited bail bond should show when, where and by what authority the bail bond was taken.
2. The *scire facias* should correctly describe the bail bond, and a defect in a material matter will be fatal on appeal from the judgment final.
3. A bail bond binding the defendant to appear in Refugio county and forfeited in the District Court of Aransas county, the judgment *nisi* and *scire facias* describing the bond as obligating defendant to appear and answer in Aransas county—*held*, such misdescription is fatal.
4. Where part of a county is detached and the cases sent to the new county, and bail bond in such transferred cases forfeited, the *scire facias* should state the facts necessary to show the connection between the bond and judgment *nisi*.

APPEAL from Aransas. Tried below before the Hon. T. C. Barden.

This case is brought by appeal from a final judgment upon a forfeiture of a bail bond.

On the eighteenth of September, 1871, a bill was passed by the Legislature, and sent to the Governor, creating the county of Aransas out of part of the county of Refugio. The Governor failing to approve, or return the bill, it became a law without his signature.

The bill made no provision as to process then in existence relating to matters within the territory of the new county.

On the twenty-third day of October, 1871 (just one month after the new law took effect—that is to say, one month after the expiration of the five days allowed by the Constitution to the Governor, within which he may sign or return a bill), the sheriff of Refugio, having in his hands a warrant issued by a justice of the peace for Refugio county against P. Tierney, arrested him, and took from him a bail bond for his appearance at the next term of the District Court of Refugio county.

On the first day of December following the Legislature passed another act, directing the district clerk of Aransas county to make a division of the civil cases on the court docket in his office, and transfer them to the proper county in which the defendants reside, and the criminal actions to the county in which the offense was committed, and giving jurisdiction to the respective courts accordingly; providing, also, that all writs and process should be returnable to the court to whose jurisdiction they may appertain.

On the seventh day of February, 1872, the bail bond in question was filed in the District Court of Aransas, and on the twenty-fourth of the same month a forfeiture of

the bond was declared, judgment *nisi* entered up against the principal and his sureties, and *scire facias* ordered.

On the twentieth of May, 1872, the parties served appeared, and filed a motion to quash the bail bond, a motion to set aside the judgment *nisi*, and a motion to quash the *scire facias;* and on the thirtieth of May the court overruled the two first named motions, paid no attention to the third, and rendered judgment final against Tierney, and those of his sureties who had appeared, and the defendants appealed.

*Osceola Archer*, for appellant.—1.   The *scire facias* is clearly insufficient.   (Jackson v. The State, 13 Texas, 217 ; The State v. Glaevecke, 33 Texas, 58 ; The State v. Cox, 25 Texas, 406 ; Bennett v. The State, 27 Texas, 702; Hill v. The State, 27 Texas, 608 ; Branch v. The State, 25 Texas, 426.)

2.   The judgment *nisi* should have been set aside. (Paschal's Digest, Arts. 2884, 3005, 2880 ; Barringer v. The State, 27 Texas, 553 ; Jackson v. The State, 13 Texas, 219.

3.   The bail bond is defective, because it did not bind the defendant to appear before the proper court.

Either Aransas or Refugio county had jurisdiction of this case.   If Aransas had jurisdiction, the bond is null and void, because it bound the defendant to appear before the Refugio court.   (See Art. 2732, Paschal's Digest; Tierney v. The State, 31 Texas, 41.)   If Refugio had jurisdiction, the whole proceedings are *coram non judice*, and should be dismissed.

The bond in this case charges the defendant with a felony.   Refugio county must then have had jurisdiction, for under the law no justice of the peace can take a bond or examine into the case where the offense charged is a felony, unless he is a justice of the peace of the county

which. has jurisdiction to try the case. (See Art. 2694, Paschal's Digest.) If it should be claimed by the appellee that the crime for which Patrick Tierney executed this bond was committed in the territory of Aransas county, and not in that of Refugio (although the record is silent on that subject), then we say the bond is equally as defective as if the offense had been committed in Refugio county, for under the above Article 2694 of Paschal's Digest, the justice of the peace of Refugio county could not take the bond, but would have to turn the defendant over to some magistrate of Aransas county; if he did not do this, but assumed jurisdiction and took a bond, the bond would be void. The counties of Aransas and Refugio were separate counties at the time this bond was executed. In support of this position the court is referred to that portion of this brief, under the second error assigned, which presents the point.

4. The court erred .in rendering the judgment final against the sureties, without at the same time rendering it final against the principal, Patrick Tierney. Under the statute, when the answers of the sureties, upon trial of the issues presented, show no sufficient cause for their failure to have the defendant before the proper court, the judgment is made final against him as well as against the sureties. (See Art. 2888, Paschal's Digest.)

*Attorney-General*, for the State.—The court will perceive that the only point really made in the case by the several grounds assigned in the motions is this: The third section of the act of December 1, 1871, provides that all writs and process issued shall be returnable to the court of the county whose jurisdiction attaches, and shall have full force and effect therein. The warrant, therefore, of the justice of Refugio, with the bail bond, became, by the operation of this section, returnable to Aransas,

and the undertaking of the bond was thereby changed from an appearance in Refugio District Court to an appearance in Aransas District Court. True there is no distinct assertion in the record that the offense charged was committed in that part of Refugio which afterwards became Aransas; but as no point as to the jurisdiction of the offense was made in the court below, and as the legal presumption is always in favor of the jurisdiction, this court is well warranted in assuming that the court below found itself rightfully in possession of the case. And this presumption is strengthened by the fact that the sheriff who took the bond returned it into the District Court of Aransas county. Until the passage of the act of December 1, 1871, he could have properly made his return only to the District Court of Refugio county, but when that law required all writs and process to be returnable to the court having jurisdiction, if the crime was committed in Aransas, the proper court would be no longer the District Court of Refugio, but that of Aransas; and there the sheriff returned it, as, by Article 5116, Paschal's Digest, requiring him to return it to the proper court, it was his duty to do.

OGDEN, J.—This is a proceeding on a forfeited bail bond, and under the rules laid down in Jackson v. The State (13 Texas, 406), and in The State v. Cox (25 Texas, 409), we are of the opinion that the *scire facias* which issued upon the judgment *nisi* is not in conformity with the law and the uniform practice in this State. The *scire facias* fails to show when, where, or by what authority the bond was executed, and these are material facts which should appear in the writ.

But the *scire facias* misdescribes the bond in an important particular. It describes the bond as binding the defendant to appear at the District Court in Aransas

county, whereas the bond, as set out in the record, binds the defendant to appear at the District Court of Refugio county. This defect must be regarded as fatal to the *scire facias,* and also to the judgment final in the case. It is possible that if the arrest had been made before the division of the county, and while Refugio county had jurisdiction of the offense, and the bond obligated the defendant to appear in that county, and if afterwards the county was divided and the bond had been transferred according to the requirements of the statutes to the new county, in such a case the defendant might have been made to appear at the new county to answer to the accusation. On failure to appear his bond might have been forfeited, but no judgment final could have been entered up against the sureties until they had been notified by the *scire facias* of this change in the jurisdiction of the case.

But it appears that the arrest was made by the sheriff of Refugio county, and the bond taken to compel the defendant to appear at Refugio some time after the division of the county, and, therefore, that bond cannot be forfeited in Aransas county. If the offense was committed in Refugio county, then the bond was properly taken by the sheriff, but it can be forfeited only in that county ; but if the offense was committed in Aransas county, then the bond is not a compliance with the statute and is a mere nullity, and cannot be forfeited anywhere. The judgment final and the judgment *nisi* of the District Court is therefore reversed and the cause dismissed for the want of jurisdiction of the cause in Aransas county.

REVERSED AND DISMISSED.