## D. M. BROWN v. THE STATE.

SCIRE FACIAS.—A scire facias which fails to state everything necessary to justify a final judgment in default of answers is defective; it should state enough to answer the purpose of a petition and writ of citation.

APPEAL from Navarro.

W. H. and T. B. Powell as principals, and D. M. Brown and A. L. Brooks as their sureties, were recognized at the July Term of the District Court of Navarro county for the appearance of the Powells at the November Term to answer an indictment for theft of yearling cattle. No bond was executed. This recognizance was at the same term forfeited and judgment *nisi* entered. The following *scire facias* was issued and served on Brown, against whom final judgment was rendered at the November Term following, viz:

" THE STATE OF TEXAS, ⎱
    " *Navarro county,* ⎰

        " To the sheriff of said county, greeting:

" Whereas on the 27th day of July, 1874, the State of Texas recovered a judgment *nisi* in the District Court of said county, at the July term thereof, against T. B. Powell, A. L. Brooks, and D. M. Brown, for the sum of five hundred dollars, conditioned that they appear at the next term of this court and show cause why said judgment *nisi* should not be made final; and it was ordered by said court that a writ of *scire facias* issue to them citing them to appear and answer in said cause.

" You are therefore hereby commanded that you summon the said D. M. Brown to be and personally appear at the next term of the honorable District Court of Navarro county, to be begun and holden in Corsicana, at the court house thereof, on the 2d Monday in November, 1874, then and there to show cause, if any he has, why the judgment *nisi* rendered against him at said term shall not be made

final and absolute.  Herein fail. not, but of this writ and how you have executed the same make due return according to law.  Witness J. M. Davlin, clerk of the District Court of Navarro county.

"Given under my hand and the seal of said court at office in the town of Corsicana, this 11th day of September, 1874.

[L. S.]

"J. M. DAVLIN, *C. D. C. N. Co.*"

*William Croft,* for appellant.

*George Clark, Attorney General,* for the State.

As to the insufficiency of the *scire facias* it may be said that when the writ is founded on a recognizance its purpose is, as in cases of judgment, to have execution; and though it is not a continuance of a former suit as in the case of judgments, yet, not being the commencement and foundation of an action, it is not an original but a judicial writ, and at most is only in the nature of an original action. Even judgments are not required to embody the facts upon which they are based, except alone in cases of service by publication, nor is it necessary in a suit upon them by *scire facias* for the writ to embody those facts.  All that our practice seems to require is that the sureties in the recognizance shall be notified as in civil cases of the judgment *nisi,* when and where to appear and show cause, &c.

The writ was properly served upon the plaintiff in error, as the return of the sheriff shows.  (Record, p. 4.)

As to the sufficiency of the writ in this case *vide* Lawton *v.* State, 5 Tex., 274; Boone *v.* Roberts, 1 Tex., 147; Harrison *v.* State, 3 Tex., 191.

ROBERTS, CHIEF JUSTICE.—The judgment *nisi* and the recognizance upon which it is founded seem to be in proper form.  The subsequent proceedings, to wit, the *scire facias* and the final judgment are not, and should be set aside,

and another *scire facias* should be issued upon the judgment *nisi*.

The *scire facias* is defective in not stating such facts as would have justified the rendition of a final judgment upon default of an answer. It should state enough to answer the purpose of a petition and a writ of citation also. (Boone v. Roberts, 1 Tex., 152; Harrison v. The State, 3 Tex., 190; Lawton *et al. v.* The State, 5 Tex., 274; The State v. Cox, 25 Tex., 406.)

Judgment is reversed and cause remanded.

REVERSED AND REMANDED.