## LOUIS COWEN *et al.* v. THE STATE.

1. SCIRE FACIAS. — To sustain a judgment final by default, a writ of *scire facias* issued on a forfeited recognizance or bail-bond should comprise the substantial requisites of both a petition and a citation. It should not only

disclose the character of the obligation—whether a recognizance or a bail-bond—on which the judgment *nisi* was entered, but should also set out its substance, so as to apprise the defendants and inform the court of the foundation of the proceeding and the *gravamen* of the complaint.

2. SAME.—It is error to take judgment final by default against the sureties in a forfeited recognizance or bail-bond, and not also against their principal.

ERROR from the County Court of Hidalgo. Tried below before the Hon. T. M. RHODES, County Judge.

*W. H. Russell*, for the appellants.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. A *scire facias*, in order to sustain a judgment final by default, should show the nature and character of the undertaking upon which the judgment *nisi* was taken; and the undertaking, whether recognizance or bond, should be substantially set forth, to enable the parties to know the foundation of the proceedings against them, and to enable the court to know upon what grounds the judgment is asked. It ought to follow the judgment *nisi*. In a word, it should state enough to answer the purposes of a petition and a writ of citation also. *Boone* v. *Roberts*, 1 Texas, 152; *Harrison* v. *The State*, 3 Texas, 190; *Lawton* v. *The State*, 5 Texas, 274; *Jackson* v. *The State*, 13 Texas, 218; *Davidson* v. *The State*, 20 Texas, 655; *Cox* v. *The State*, 25 Texas, 406; *Cushman* v. *The State*, 38 Texas, 181; *Brown* v. *The State* 43 Texas, 349.

The *scire facias* in the case we are considering is not sufficient, when tested by the requisites above set out.

The judgment *nisi* was made final only as to the sureties, and not against the principal also. This, it seems, would render the judgment erroneous. *Blalock* v. *The State*, 35 Texas, 89.

The judgment final should be set aside, and another *scire facias* should be issued upon the judgment *nisi*, in conformity with the rules above stated.    The judgment is, therefore, reversed and the cause remanded for further proceedings.

*Reversed and remanded.*