G. W. Hedrick *et al. v.* The State.

1. Scire Facias should state enough to answer the purpose of a petition as well as that of a citation; and it is defective if it fails to state everything necessary to sustain a judgment final by default.

2. VARIANCE. — A *scire facias* on a judgment *nisi* entered on a forfeited bail-bond described the bond as of date July 22d. The bond offered in evidence on the trial was dated July 24th, and the defendants objected that this was not the bond described in the *scire facias*. *Held*, that the objection was well taken, and should have been sustained.

APPEAL from the County Court of Gonzales. Tried below before the Hon. J. S. CONWAY, County Judge.

*Fly & Davidson*, for the appellants.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. This is an appeal from an affirmance of a judgment final upon a forfeited bond, rendered on appeal by the County Court of Gonzales County. One George W. Hedrick was arrested under a complaint made against him in the Justice's Court, charging him with theft of a yoke of oxen.

The transcript of the justice recites that on July 22, 1876, defendant was arrested and brought into court, when, upon his motion, the case was continued until the 27th, and his bond fixed, for his appearance, at $250. On July 24th the bond of defendant, with the other appellants in this case as his sureties, was taken and approved by the sheriff of Gonzales County, in the said sum of $250, for defendant's appearance on the 27th. Having failed to appear on the 27th, defendant's bond was forfeited, and judgment *nisi* rendered by the justice.

The writ of *scire facias* which issued to the sureties upon the judgment *nisi*, amongst other things, recited that, "*whereas afterwards, to wit, on the twenty-second day of July*, A. D. 1876, the said George W. Hedrick, having been duly arrested by the sheriff of Gonzales County, on a warrant issued from the office of justice of Gonzales County, *did in open court, and before said Justice Court, enter into bond*," etc. ; which bond,

it goes on to further recite, was the one forfeited by the justice upon defendant's non-appearance on the 27th. Defendants were called upon by the writ to appear at a time and term of court specified, to show cause, if any, why this judgment should not be made final. In obedience to the writ, defendants appeared and made a motion to quash the bond, and one of them specially pleaded, under oath, that the bond described in the writ of *scire facias* had never been executed by him. The motion to quash was overruled, and exceptions filed by the county attorney to the special plea were sustained by the court, and final judgment rendered, from which an appeal was taken to the County Court.

On the trial in the County Court, when the state offered in evidence the bond executed on the 24th, and approved by the sheriff, defendants objected because it was not the bond set out and described in the *scire facias*. This objection was overruled by the court, and the evidence permitted; to which a bill of exceptions was duly saved. In this we think the court erred. The variance between the instrument described in the writ of *scire facias* and the one offered in evidence was fatal.

" A *scire facias* which fails to state everything necessary to justify a final judgment in default of answers is defective ; it should state enough to answer the purpose both of a petition and writ of citation. " *Brown* v. *The State*, 43 Texas, 349 ; *Cowen et al.* v. *The State*, *ante*, p. 380.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*