## E. C. PEARSON *v.* THE STATE.

1. BAIL-BONDS IN TRANSFERRED CASES. — Bail-bonds and like obligations bind their makers for the appearance of the principal obligor, not only in the court designated therein, but in any other court to which his case may be transferred by operation of law; and the makers must take notice of constitutional and statutory provisions authorizing and regulating such

transfers. Sureties, therefore, on a bail-bond made in 1875, and conditioned for the appearance of their principal in a District Court to answer a charge of misdemeanor, are liable for his failure to appear in the County Court to which his case was transferred under the provisions of the Constitution of 1876, and of the laws passed in pursuance thereof.

2. Scire Facias should state every thing necessary in a petition as well as a citation. It should recite the presentment of the indictment, the offence charged, the issuance of the *capias,* the arrest of the principal by virtue thereof, the execution, stipulations, and condition of the bond or recognizance, the breach of the condition, and the entry of the judgment *nisi;* and it should command the officer to cite the defendants to appear before the proper court, at the proper time, to show cause why the judgment *nisi* should not be made final.

3. Transcripts on appeals from County Courts in cases transferred thereto from District Courts should contain the orders of transfer, properly authenticated.

Appeal from the County Court of Brazos. Tried below before the Hon. D. C. Barmore, County Judge.

The bail-bond was dated November 3, 1875, and was conditioned for the appearance of the principal obligor before the District Court of Brazos County on the 8th of November, 1875, to answer an indictment for adultery. The forfeiture was taken, and the judgment *nisi* entered at the August term, 1876, of the County Court of Brazos County; to which, under the provisions of the Constitution and acts of 1876, the case was transferable.

The appellant was a surety on the bond.

*J. D. Thomas,* for the appellant. In this cause there is judgment for $200, for forfeiture of bail-bond. The surety appeals. The bond binds the principal to appear before the District Court of Brazos County, on the 8th of November, 1875, and " there remain from day to day and from term to term of said court, until discharged by course of law." On the 16th of August, 1876, a forfeiture was taken on this bond in the County Court of Brazos County, for failure of the defendant to appear on that day in that court.

I say the sureties are held liable only on the terms of

their contract contained in their bond. They cannot be held for failure of their principal to appear before a court not named in the bond, and at a time when the court which is named was not in session. The act directing the transfer of cases from the District to the County Court makes no provision for bonds taken in the one court to be forfeited in the other. Acts 1876, p. 125.

It seems clear to me that the only means of enforcing the appearance of a party in the County Court is to have him arrested and bonded to appear in that court. If the Legislature or the Constitutional Convention had undertaken to hold sureties liable for the performance of a different duty from that undertaken in their bond, their action would have been entirely nugatory, as violative of the clause of the Constitution of the United States which inhibits the States from making any law impairing the obligation of contracts. And it would further be violative of the general principle that the law cannot make a contract for a citizen, or deprive him of any right he has under a contract, without his consent. Cooley's Const. Lim. 381, and note.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. It is contended that, as the indictment against the principal of appellant was presented anterior to the adoption of our present Constitution, and as the bail-bond was conditioned for the appearance of the defendant before the District Court of Brazos County, a forfeiture for non-appearance before the County Court, after a proper transfer to the latter court under the present Constitution and laws, was invalid for the reason that the contract was not for the appearance before that court. Undertakings of this character are entered into with no stipulation, express or implied, that the State shall not change the forum for the trial of the principal, and the undertaking is tantamount to an agreement that the principal shall appear

either in the court designated or some other tribunal to which it may be transferred by law, and in which the principal may be tried for the offence with which he stands charged.   The provisions of the Constitution, and general laws passed in pursuance thereof, authorizing and regulating the transfer of misdemeanors to the County and Justices' Courts, required the parties to the bond to take notice of their operation and effect, and they cannot be heard to complain that the case of their principal was transferred to the only court having jurisdiction of the offence.

The bond and judgments *nisi* and final seem to be in proper form, but the *scire facias* is fatally defective in not stating such facts as would have justified the rendition of a final judgment upon default of an answer.   It should state enough to answer the purpose of a petition and a writ of citation also.   It should recite with particularity the presentment of the indictment and the offence charged, the issuance of the *capias*, the arrest of the principal by virtue thereof, the execution of the bond and its condition, the breach of the condition, and the entry of the judgment *nisi;* and should command the officer to cite the defendants, in the usual terms, to appear at a specified time and before the proper court, to show cause why the judgment *nisi* should not be made final.   *Brown* v. *The State*, 43 Texas, 349 ; *Cowen* v. *The State*, 3 Texas Ct. App. 380.

This transcript on appeal should also contain a copy of the order of transfer of the case from the District Court to the County Court, properly authenticated.

Because the *scire facias* issued in this case will not support the judgment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*