[No. 1489.]

## WILLIS ARRINGTON AND OTHERS *v.* THE STATE.

1. PRACTICE—PLEADING—SCIRE FACIAS performs the double function of a petition and a citation, and in establishing the essential matters therein alleged the *allegata* and the *probata* must substantially correspond.
2. SAME—EVIDENCE—VARIANCE.—The bond upon which the judgment was based shows upon its face that it was taken and approved by a constable of Gonzales county. The bond declared upon in the *scire facias* is described as one taken by the sheriff of Gonzales county. *Held,* that the variance was fatal, and it was error to admit the bond in evidence over objection by the defense.
3. BAIL BOND—PRACTICE.—It is not required that a bail bond be approved by the court, and it is sufficient if it be signed by the principal and sureties, the magistrate first being satisfied of the sufficiency of the security. When it is shown that the bond was taken by the officer in open court, it will be deemed to have been taken with the knowledge and under the sanction of the court.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. Lewis.

The appeal in this case was prosecuted from the forfeiture of the appearance bond of Willis Arrington, bailed under a charge of theft of one hundred and seven head of sheep. The amount of the bond and the judgment was four hundred dollars.

The opinion sufficiently discloses the case.

*Fly & Davidson,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, J. We are of the opinion that the court erred in admitting in evidence, over the objections of the defendants, the bail bond upon which the judgment in this case is based. This bond shows upon its face that it was taken and approved by L. S. Collins, a constable of Gonzales county, while the bond declared upon in the *scire facias* is described as one taken by the *sheriff* of Gonzales county. A *scire facias* performs the double function of a petition and a citation, and in establishing the

essential matters therein alleged the *allegata* and *probata* must substantially correspond.    (*Bailes* v. *The State,* 20 Texas, 498; *State* v. *Cox,* 25 Texas, 404; *Brown* v. *The State,* 43 Texas, 349; *Cowen* v. *The State,* 3 Texas Ct. App., 380; *Hedrick* v. *The State,* Id., 571.)    While the *scire facias* is in every essential respect in strict compliance with the requirements of the statute (Code Crim. Proc., Art. 443), the bond therein described is materially different from the one read in evidence, and because of this variance the judgment must be reversed.

Appellants contend that the bond is void because it was taken by the constable while the court before which the prosecution was pending was in session.    (Code Crim Proc., Art. 304.)    It was proved that the bond was taken and approved by the constable in *open court,* and that thereupon the defendant was discharged from custody and left the court house before the court adjourned.    Under this state of facts we hold that it must be presumed that the bond was taken with the knowledge and under the sanction of the court.    There is no provision of the statute which requires that the court should *approve* the bond. All that the statute requires is that the bond shall be signed by the principal and his sureties, the magistrate first being satisfied as to the sufficiency of the security.    (Code Crim. Proc., Art. 312.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered March 17, 1883.