[No. 2748.]

## GRANVILLE GOODIN AND OTHERS *v.* THE STATE.

1. SERVICE—PRACTICE—CASE STATED.—Article 1217 of the Revised Statutes provides that "where it appears from the petition that the sheriff is a party to the suit, or is interested therein, the citation shall be addressed to any constable of his county." In this case one of the defendants was sheriff of the county, but that fact did not appear from the petition. The citations were addressed "to the sheriff or any constable of Throckmorton county," and were served by a constable of that county. *Held*, a substantial compliance with the law.

2. SAME—PLEADING—PRACTICE.—In a proceeding to make final a judgment *nisi*, the defendants answered: 1, by the general denial; 2, that the bond was not signed by the principal obligor; 3, that there had been a judgment *nisi* rendered upon the same bond at a prior term of the court, which judgment *nisi* was in full force and effect when the judgment *nisi* upon which this proceeding is based was rendered, and is still in full force and effect; 4, by a sworn plea by one of the defendants that the name of the principal is not signed to the bond. Upon the State's motion these answers were all stricken out, and thereupon judgment final was rendered. *Held*:

   1. That the court did not err in striking out the plea of *non est factum* set up by one of the defendants, inasmuch as, failing to allege that the principal had not signed the bond in fact, and had not authorized any one to sign it for him, it was insufficient as a plea of *non est factum*.

   2. That though, if properly pleaded and sustained, the plea of a former judgment *nisi* pending on the bail bond would have operated as a bar to this proceeding, it was properly stricken out in this case because it was not verified by affidavit.

   3. That the court erred in striking out the general denial of the defendants and rendering judgment against them, because such judgment was rendered without evidence supporting the allegations of the State.

3. SAME—EVIDENCE.—A proceeding upon a forfeited bail bond or recognizance is in effect a suit upon such obligation, in which suit the citation serves

the double purpose of a petition and a citation. Its foundation is the bond or recognizance and the judgment *nisi* thereon, and, to entitle the State to a recovery, these must be introduced in evidence when the defendant has interposed the general denial. The doctrine that in proceedings of this character the burden of proof is upon the defendants to show cause why judgment final should not be rendered against them, and that the State is not required to prove anything, is not maintainable.

ERROR from the District Court of Throckmorton. Tried below before the Hon. B. F. Williams.

The opinion states the nature and result of the case. Granville Goodin, the principal in the bond, was bailed on a charge of horse theft. The certificate of the trial judge shows that no testimony was offered by either the State or the plaintiffs in error.

The motion for new trial raised the questions discussed in the opinion.

*Finlay & Holman*, for plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. At the January term, 1881, of the District Court of Throckmorton county a judgment *nisi* for the sum of $500 was rendered in favor of the State against Granville Goodin, principal, S. F. Knox, O. Robin, J. O. Goodin and Robert Hollis, sureties, upon the bail bond of said Granville Goodin. This judgment *nisi* we find to be in due form, containing all the requisites prescribed by law. Citations were issued for the sureties, and served upon all of them except J. O. Goodin, who was not found.

At the May term, 1881, of the court, Knox, Robin and Hollis moved to quash the citations served upon them, because, as one of the defendants was the sheriff of Throckmorton county, such citations were not directed as required by law in such cases. This motion was overruled, and we think properly. It is provided that "where it appears from the petition that the sheriff is a party to the suit, or is interested therein, the citation shall be addressed to any constable of his county." (Rev. Stats., Art. 1217.) In this case it did not appear from the record in the case that either of the parties was sheriff of the county, and the citations were addressed "To the sheriff, or any constable of Throck-

morton county," and were served by a constable of that county. We think this was a substantial compliance with the law, the object of the law being that the sheriff should not be intrusted with the execution of process in a case in which he is a party, or is interested, and that object was fully accomplished in this case.

J. O. Goodin not being served with citation, the State discontinued the suit as to him. Knox, Robin and Hollis, excepted specially: 1. Because the bond was not executed on the day named in setting it out in the judgment *nisi* and in the citation. We find upon an inspection of the original bond that this exception is not well taken. 2. Because said bond does not appear to have been signed by Granville Goodin, the principal. We find this exception likewise unsupported by the bond. In the body of the bond the name of Granville Goodin is plainly written, and the signature, while badly written, is sufficiently legible to leave no doubt that it is the signature of Granville Goodin, the principal named in the body of the bond. Defendant's special exceptions were overruled, and in this there was no error.

Defendants answered: 1. General denial. 2. That the bond was not signed by Granville Goodin. 3. That there had been a judgment *nisi* rendered upon this same bond at the September term, 1880, of the court, which judgment was in full force and effect at the time of the rendition of the judgment *nisi* at the January term, 1881, and is still in full force and effect. 4. A sworn plea by the defendant Knox that the name of Granville Goodin is not signed to the bond. Upon exceptions of the district attorney these answers of defendants were each and all stricken out by the court, and thereupon judgment final was rendered by the court in favor of the State, against the defendants, for the full amount of the bond and for costs.

As to the attempted plea of *non est factum* by the defendant Knox, it was properly stricken out, as it was not such a plea, in its allegations, as presented any defense. It did not allege that Granville Goodin, the principal, had not signed the bond in fact, and had not authorized any one to sign it for him. It was wholly insufficient as a plea of *non est factum*.

As to the plea of a former judgment pending on the bail bond, we think it was properly stricken out because it was not verified by affidavit. (Rev. Stats., Art. 1265, subd. 4.) If this defense had been properly pleaded, we think it would bar a recovery in this case. A proceeding upon the same bond, while a former

proceeding thereon is pending and in full force and effect, would certainly not be permissible. There can be but one suit and but one judgment upon the same cause of action, as a general rule. If the former judgment *nisi* is a subsisting valid judgment, it should be proceeded upon. If it is not a sufficient or valid judgment, it should have been amended, if amendable, or, if not amendable, then it should have been set aside and declared null before proceeding anew upon the bond.

But we think the court erred in striking out the general denial of defendants, and in rendering judgment against them without any evidence. We presume the learned judge who tried the case entertained the view that in this proceeding the burden is upon the defendants to "show cause" why judgment final should not be rendered against them, and that it is not required of the State in support of its action to prove anything. This view, we are aware, is entertained by many judges and lawyers in our State, and were it an original question before this court we would be inclined to give it our sanction. But we regard the question as no longer an open one. It has been settled by a line of decisions, that a proceeding upon a forfeited bail bond or recognizance is in effect a suit upon such obligation, in which the citation serves the double purpose of a petition and a citation. Its foundation is the bond or recognizance and the judgment *nisi* thereon, and, to entitle the State to a recovery, these must be introduced in evidence when the defendant has interposed the general denial. (*Bailes* v. *The State,* 20 Texas, 498; *The State* v. *Cox,* 25 Texas, 404; *Brown* v. *The State,* 43 Texas, 349; *Cowen* v. *The State,* 3 Texas Ct. App., 380; *Hedrick* v. *The State,* Id., 571; *Smith* v. *The State,* 7 Texas Ct. App., 160; *Pearson* v. *The State,* Id., 279; *Arrington et al.* v. *The State,* 13 Texas Ct. App., 554; *Houston et al.* v. *The State,* Id., 560.)

Because the court erred in striking out the defendants' general denial, and rendering judgment without evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 16, 1883.