[No. 2957.]

RAINEY FENTRESS ET AL. *v.* THE STATE.

1. SCIRE FACIAS—BAIL BOND.—One of the requisites of a bail bond is that it shall state the *time* and *place* when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time, it is sufficient to specify the term of the court; and in stating the place, it is sufficient to specify the name of the court or magistrate, and of the county.

2. SAME.—In this case the bail bond was conditioned as follows: "Now if the said Rainey Fentress shall make his personal appearance before the district court of Bexar county to answer to said indictment *instanter*, to be holden in the town of San Antonio, A. D. 1882, there to remain until discharged by the court," etc. *Held*, sufficient, both as to place and time, the term "instanter" having a legal signification, and usually meaning within the next twenty-four hours, and when not so meaning, signifying within a reasonable time, under the circumstances of the case with reference to which it is used. See the opinion *in extenso* on the question, and note the distinction between the statute on the subject now in force and that upon which the cases of *Jackson* v. *The State*, 13 Texas, 218, and *Busby* v. *The State*, Id., 137, were decided.

3. SAME—PLEADING.—See the statement of the case for a bail bond *held* sufficient to show that an indictment, charging the principal therein with an offense against the laws of the State, was pending in the district court of Bexar county. Note, also, that it is a valid obligation, wherefore the motion to quash the same was properly overruled.

4. SAME.—See the statement of the case for an answer of sureties which the trial court properly held to present no defense to the action, inasmuch as the facts set up do not come within any of the provisions of Article 452 of the Code of Criminal Procedure, which prescribes the only causes which will operate to exonerate the principal and sureties from liability upon the forfeiture taken.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

This appeal was prosecuted from the forfeiture of the appearance bond of Rainey Fentress, bailed in the sum of five hundred dollars, upon an indictment charging him with the theft of a horse. The judgment was for the amount of the bond.

The bond which was a subject matter of controversy reads as follows:

"The State of Texas,     )
    " County of Caldwell. )

"Know all men by these presents, that we, Rainey Fentress, as principal, and J. J. Ellison and Richard Withers, as sureties, acknowledge ourselves to owe, and stand indebted to the State of Texas, in the sum of five hundred dollars, for the payment of which, well and truly to be made, to the State of Texas, we and each of us hereby jointly and severally bind ourselves, our heirs, executors and administrators, firmly by these presents. The condition of the above bond is such that, whereas, the above bound Rainey Fentress has been arrested by virtue of a *capias* issued out of the district court of Bexar county, on a charging by indictment with theft of a horse, and has been held to bail in the sum of five hundred dollars: Now, if the said Rainey Fentress shall make his personal appearance before the district court of Bexar county to answer to said indictment, *instanter*, to be holden in the town of San Antonio, A. D. 1882, there to remain until discharged by the court, then this obligation to be null and void; otherwise to remain in full force and effect. Witness our hands this sixth day of April, A. D. 1882.

                                        his
                        " Rainey ✕ Fentress.
                                       mark
                        " J. J. Ellison.
                        " Richard Withers.

"Approved by me, this April 6, 1882.
    " A. Y. Lannam, sheriff Caldwell Co., Texas.

The amended original answer of the sureties, which is the subject matter of the ruling embraced in the fourth headnote of this report, reads as follows:

"The State of Texas, )   In the Bexar county district court,
    1052.    *vs.*        )   Texas, September Term, 1882.
" R. Withers *et al.*   )   Amended original answer.

" On this day appeared R. Withers and J. J. Ellison, two of the defendants in the above entitled suit, by Ellis & Mayfield, their attorneys, and file this, their amended answer herein, leave of the court being first had and obtained.

" First.   The defendants for answer herein move the court to set aside the said forfeiture, for the reason that the said forfeiture was taken and judgment *nisi* entered upon the records of this court before the day set in the bail bond for the appearance of the defendant Rainey Fentress before the court.

"Second. Further answering, these defendants move the court to set aside the forfeiture entered on the records of this court against these defendants, sureties on the bail bond of the defendant Rainey Fentress, and say that said bail bond or purported bail bond is illegal, null and void, for the reason that the said bail bond was executed and approved by the sheriff of Caldwell county, Texas, who held said defendant Fentress in custody, while this court, before which said prosecution of said Fentress was pending, was in session at the time said bail bond was taken and approved. Wherefore these defendants pray said forfeiture to be set aside and the bail bond quashed and held for naught.

"Third. Further answering, these defendants move the court to set aside the forfeiture entered against them, and to quash said bond, for the reason that said bond does not comply with the law, is illegal, null and void, for the reason that said bond is indefinite, and does not bind said defendant Fentress to appear at any term of the district court of Bexar county, Texas, known to the law, and for the further reason that said bond and the conditions thereof are impossible of performance.

"Fourth. And further answering, the defendants say the judgment *nisi*, entered at the March term, A. D. 1882, of the district court of Bexar county, Texas, on said bond, against these defendants as sureties ought not to be made final, and defendants ought not to be held liable on said bail bond, for the reason that, on the day on which judgment *nisi* and of forfeiture was taken against these defendants as sureties for the defendant Rainey Fentress, an *alias capias* was issued out of the office of the clerk of this court, directed to the sheriff of Caldwell county, Texas, commanding him to arrest said Rainey Fentress and him safely keep, that he might have him before this court on the sixth day of September, 1882; that said *alias capias* was issued on the same indictment and for the same offense for which said Fentress was arrested at the time said bail bond on which this said judgment *nisi* was taken; that said sheriff of Caldwell county, Texas, executed said *alias capias* by arresting the said Rainey Fentress, and that said Fentress is now willing and ready to answer said indictment; these defendants, as sureties, say that they are released from all further liability on said bail bond by the second arrest and bail of the said Fentress as aforesaid; and the facts, matters and things

F

above set forth, these defendants, R. Withers and J. J. Ellison, are ready to verify.

"Fifth. Further answering, these defendants, R. Withers and J. J. Ellison, sureties, say that they ought not to be held liable on said bail bond, and the judgment *nisi* ought not to be made final against them, and move the court to set aside the forfeiture entered against these defendants, for this reason: Defendants say the principal defendant herein is a negro, the said Rainey Fentress; that he is illiterate and very ignorant; that when he was arrested by the sheriff of Caldwell county, Texas, he was informed that he would be tried in September, and when he exe·cuted said bail bond he understood by the terms and conditions of said bond that he was bound to appear before the district court of Bexar county, Texas, in September, A. D. 1882; that said Fentress never attempted to escape; that he was and is ready and willing to answer said indictment; that he was not aware said forfeiture had been taken on his bond until he was arrested by the sheriff of Caldwell county on the *alias capias* issued by the clerk of the district court of Bexar county, Texas; that defendants Withers and Ellison, satisfied and believing, and having good reason to believe, that it was not the intention of the said defendant Fentress to escape or attempt to escape from this State, and that said bond was forfeited by inadvertence and mistake, and without the fault of said Fentress, immediately gave and executed, as his sureties, another bail bond, conditioned that said Fentress should be and appear at the next term, in September, 1882, of the district court of Bexar county, Texas. These defendants, R. Withers and J. J. Ellison, say they understood that said Fentress was to be and appear before the district court of Bexar county in September, A. D. 1882; that they were not present either in person or by attorney when said forfeiture and judgment *nisi* was taken; that they were not aware of the same until long afterwards; that had they been so aware that the said bond bound said Fentress to appear at the district court of Bexar county, Texas, prior to September, 1882, they could and would have produced the said Fentress in person before this court, and said forfeiture and judgment *nisi* would not have been taken against these sureties.

"Wherefore the defendants pray the court that said forfeiture and judgment *nisi* may be set aside, and for all such other just and proper relief as in law and equity your honor may find

these defendants entitled to; and all the above set forth matters and things these defendants say they are ready to verify.

"ELLIS & MAYFIELD,
"Attorneys for defendants Withers and Ellison."

*C. H. Mayfield,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   One of the requisites of a bail bond is that it state the *time* and *place* when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear.   In stating the *time,* it is sufficient to specify the term of the court; and in stating the *place,* it is sufficient to specify the name of the court or magistrate, and of the county. (Code Crim. Proc., Art. 288.)

In this case the bail bond is conditioned as follows:   "Now if the said Rainey Fentress shall make his personal appearance before the district court of Bexar county to answer to said indictment *instanter,* to be holden in the town of San Antonio, A. D. 1882, there to remain until discharged by the court," etc.

There can be no question but that the bond sufficiently specifies the *place* where the accused was required to appear, but does it sufficiently specify the *time?*   It does not state the *term* of the court at which he is to appear, nor does it specify any particular *day* when he is to appear.   *Instanter* is the only specification of *time* except that his appearance is to be in the year 1882.   Is this a sufficient specification of the time?   We think it is.   This term *instanter* has a legal signification.   It means, usually, within the next twenty-four hours, and when it does not mean this it means within a reasonable time under the circumstances of the case with reference to which it is used.   (Bouvier's Law Dict.; Abbott's Law Dict.; Burrill's Law Dict.; Wharton's Law Dict., word "Instanter.")

In the case before us, the accused party was arrested in a county other than that in which the prosecution was pending. When he bound himself to appear *instanter* before the district court of Bexar county, he bound himself to appear before said court forthwith, without delay, in a reasonable time, considering the distance to be traveled, the mode of conveyance, and other circumstances of the case.   True, it does not appear from

the bond that said court was then in session, nor do we think that it was essential that it should so appear. The law fixed the terms of that court, and the obligors on the bond must be presumed to have known that at the time they executed the bond said court was or ought to have been in session in said Bexar county.

Counsel for appellant contend that a bond which requires the accused to appear *instanter* is void, and in support of this proposition cite *Jackson* v. *The State*, 13 Texas, 218, and *Busby* v. *The State*, Id., 137. It will be perceived, upon an examination of those cases, that they were decided in accordance with the statute then existing, which statute was quite dissimilar from the provisions of the Code under which the case before us is to be determined. By the statute then in force the bond was to be conditioned for the appearance of the principal *at the next term of the court* thereafter. (Hartley's Digest, Art. 2889.) In the cases cited the bonds were conditioned for the appearance of the principals *forthwith*, and it was properly held that the conditions were more onerous than the law required, and that therefore the bonds were void. The statute governing in this case does not prescribe that the bonds shall require the principals to appear at any specified term of the court, but only that the *time* when he is bound to appear shall be stated in the bond. (Code Crim. Proc., Art. 288.) Therefore, because the bond obligates him to appear *instanter*, it cannot be said that it is more onerous than the statute requires, and is therefore void.

We think it sufficiently appears from the bond that an indictment was pending in the district court of Bexar county against the principal in the bond, charging him with an offense against the laws of this State, that is, the theft of a horse. We are of the opinion that the bail bond is a valid obligation, and that the motion of appellants to quash the same was properly overruled.

We are of the opinion that the court did not err in holding that the answer of the sureties presented no defense to the action. The facts set up in the said answer do not come within any of the provisions of Article 452 of the Code of Criminal Procedure, and no other causes than those enumerated in that Article will exonerate the principal and his sureties from liability upon the forfeiture taken.

We have carefully examined each assignment of error, and

the authorities bearing thereon, and in our opinion none of said assignments are maintainable

The judgment is affirmed.

*Affirmed.*

Opinion delivered April 30, 1884.