[No. 3105.]

P. H. THRASH ET AL. *v.* THE STATE.

1. RECOGNIZANCE—PRACTICE—PRESUMPTION.—When a recognizance is taken in open court, it will be presumed that the penal sum named in the recognizance was the sum fixed by the court, whether such statement is explicitly made in the recognizance or not.
2. SAME.—RECOGNIZANCE recites that the offence charged in the indictment against the principal cognizor was "theft of bacon of the value of twenty-seven dollars." *Held,* sufficient to name an offense against the laws of this State.
3. SAME.—As to time and place of appearance, the condition of the recognizance is as follows: "Shall well and truly make his personal appearance before the honorable district court in and for Hood county, now in session, at the court house thereof, in the town of Granberry, and there remain from day to day," etc. *Held,* that the bond states fully the time and place, and the court before which the principal cognizor was bound to appear.
4. SCIRE FACIAS.—See the statement of the case for a *scire facias held* to be in substantial compliance with the rules by which the sufficiency of such writs are tested.

APPEAL from the District Court of Hood. Tried below before the Hon. T. L. Nugent.

The appeal in this case was from judgment final on the forfeit-

ure of the recognizance of one Wick Casey, bailed under an indictment for the theft of property over the value of twenty dollars. Five hundred dollars was the amount of the recognizance and judgment.

The sufficiency of the *scire facias* is the subject matter of the last headnote of this report. It reads as follows:

"The State of Texas
"No. 46. vs. } *Sci. Fa.*
"P. H. Thrash & G. W. Casey.

"The State of Texas to the Sheriff or any constable of Hood county, greeting:

"Whereas at the March term A. D., 1883, of the district court of Hood county, and on the twentieth day of March, A. D. 1883, a day of said term of said court, in a certain cause therein pending, wherein the State of Texas is plaintiff and Wick Casey defendant, against whom an indictment numbered 608 was then and is yet pending, as principal, and P. H. Thrash and G. W. Casey are his sureties on his recognizance given for the sum of five hundred dollars, the following order or judgment *nisi* was entered, in substance, to-wit:

"'The State of Texas
"'No. 608. v. }
"'Wick Casey.

"'This cause being called for trial, came the State by her attorney, but the said defendant, Wick Casey, failed to appear and answer in this behalf, and he and his sureties, P. H. Thrash and G. W. Casey, each being distinctly called three times at the court house door by the sheriff, still failed to appear and answer, but wholly made default, and it appearing to the court that the said defendant as principal, with P. H. Thrash and G. W. Casey as sureties, did enter into recognizance payable to the State of Texas, in the penal sum of five hundred dollars, payable jointly and severally, conditioned that the said principal should well and truly make his personal appearance before the honorable district court of Hood county, at the court house thereof in the town of Granberry, at the September term of this court, 1882, and there remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer the State of Texas upon a charge found upon a bill of indictment therein filed, wherein he is charged with theft of

bacon of the value of $27.00.   Whereupon it was ordered by the court that said recognizance be declared forfeited, and judgment *nisi* be entered against the said Wick Casey as principal and P. H. Thrash and G. W. Casey as sureties upon said recognizance for the sum of five hundred dollars, and that writs of *scire facias* do issue to each of said sureties, requiring them to appear at the September term, A. D. 1883, of said court, and show cause, if any they can, why said judgment *nisi* should not be made final.

"'You are therefore commanded to summon the said P. H. Thrash and G. W. Casey to appear before the district court of Hood county aforesaid, at the court house in the town of Granberry, on the third Monday in September, 1883, then and there to show cause, if any they can, why said judgment shall not be made final, and execution had against them.

"'Herein fail not, and due return make according to law.
                    "'Test            F. P. MORGAN,
"'Clerk of the District Court of Hood county, and seal of the same, at Granberry, this twentieth day of April, 1883.
    [L. S.]                     "'F. P. MORGAN,
                                   "'District Clerk.'"

*Cooper & Estes,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   A motion to quash the recognizance was made by appellants and overruled, and, as we think, properly, by the court.   Where a recognizance is taken in open court it will be presumed that the penal sum named in the recognizance was the sum fixed by the court, whether such statement is explicitly made or not in the recognizance itself.   The offense charged in the indictment is named, and it fully appears that "theft of bacon of the value of twenty-seven dollars," is an offense against the laws of this State.

As to the time and place of appearance, the condition is, "shall well and truly makes his personal appearance before the honorable district court in and for Hood county, now in session, at the court house thereof in the town of Granberry, and there remain from day to day," etc.   This fully states the time, place and court before which he was bound to appear.   (See *Ray* v. *The State, ante,* 268.)   *Barnes* v. *The State,* 36 Texas, 332, and *Williamson* v. *The State,* 12 Texas Court of Appeals, 169, are by
                    R

no means analogous to this case. All the requisites for a recognizance prescribed by the statute (Code Crim. Proc., Art. 287), are, in our opinion, fully complied with in the recognizance before us, and the court did not err in overruling the motion to quash.

We are further of opinion that the *scire facias* is in substantial compliance with the rules prescribed by which to test the sufficiency of such writs, and that the court did not err in so holding. (*Brown* v. *The State*, 43 Texas, 349; *Cowen* v. *The State*, 3 Texas Ct. App., 380; *Pearson* v. *The State*, 7 Texas Ct. App., 279.) It may be that the allegations are not shaped with that particularity and precision which would be demanded in a petition in a civil suit; still everything necessary to be stated, and which the State would have to prove, is substantially stated, and sufficiently so to apprise the defendant of what he is charged, and to put him upon notice of what would be proven.

We see no error for which the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

Opinion delivered May 21, 1884.