[No. 1843.]

Alexander Werbiski and George Champion v. The State.

Scire Facias — Bail Bond — Variance. — The bail bond in this case was conditioned that the principal appear to answer the charge of theft of property over the value of $20. The condition recited in the judgment *nisi* was that the defendant "appear at the present term of the court to abide the judgment upon his said appeal." *Held*, that the variance between the bond and the judgment *nisi* is fatal.

ERROR from the District Court of Cameron.   Tried below before the Hon. J. C. Russell.

This writ of error was prosecuted from the final judgment of the trial court on the forfeited bond of Guadalupe Beltran, bailed under a charge of felonious theft.   The amount of the bond and judgment was $150.

*Renfro & Scott*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.   Plaintiffs in error were sureties upon a bond executed by one Beltran for his appearance at the September term, 1883, of the district court of Cameron county, to answer to "a charge of theft of property over $20 in value."   Beltran having failed to appear and answer an indictment found against him for said offense, a judgment *nisi* was rendered against him and his sureties, which recites that the bond forfeited by said judgment was one conditioned for the personal appearance of the defendant "at the present term of this court to abide the judgment upon his said appeal."

The appearance bond signed by these plaintiffs in error was not an appeal bond and contained no such condition as that stated in the judgment *nisi*.   Manifestly there is a fatal variance between the appearance bond and the judgment *nisi*.   (*Bailes* v. *The State*, 20 Texas, 498; *State* v. *Cox*, 25 Texas, 404; *Cowen* v. *The State*, 3 Texas Ct. App., 380; *Hedrick* v. *The State*, id., 571; *Smith* v. *The State*, 7 Texas Ct. App., 160; *Arrington* v. *The State*, 13 Texas Ct. App., 554; *Houston* v. *The State*, id., 560; *Goodin* v. *The State*, 14 Texas Ct. App., 443; *Hester* v. *The State*, 15 Texas Ct. App., 418.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*