### THE STATE v. WM. E. COX AND OTHERS.

The *scire facias* which issues upon the forfeiture of a recognizance or bail bond, stands in the place of a petition, and must state the facts of which the parties are required to take notice, and which they are called upon to answer, with reasonable certainty.

While precise verbal accuracy in the statement of the forfeiture, and of the precedent circumstances, is not required, still there must be averments which will put parties upon notice, and which will authorize the court to render final judgment, unless the parties show sufficient reason why final judgment should not be rendered.

Unnecessary averments in the *scire facias* will be treated as surplusage. It is not a valid objection, therefore, that the bond recited in the *scire facias* recites a different offence from that named in the indictment. The court does not mean to say, however, that a party could not at the proper time go into court and have a bond or recognizance quashed if it did not describe or name the offence of which he was charged in the indictment.

Under the Code of Criminal Procedure the principal obligor may be bound in one sum and the sureties in another sum, and therefore, the recital of a judgment *nisi* of forfeiture of the bond, that "the State shall recover of the sureties the amount of money for which they are respectively bound in said bond," is not sufficiently specific; but the amount of money for which the judgment is rendered against both the principal and the sureties, should in such judgment be specified.

APPEAL from Panola. Tried below before the Hon. C. A. Frazer.

Wm. E. Cox, one of the appellees, was indicted in the District Court of Panola county on the 21st day of October, 1857. The indictment charged that said defendant, being the sheriff of said county, as such received and took into his possession a certain

sum of money, therein named, from one Spearman Holland, the same being the property of one Jefferson J. Cravens, and that he converted the said sum of money to his own use, with the intent feloniously to defraud said Cravens; and that the same was done without the consent of said Cravens, his principal, and the principal and plaintiff in the execution on which the said sum of money was collected.

The defendant was arrested on a capias from said court, which issued on the 18th of December, 1858, and required him to answer to an indictment for "embezzling money belonging to Jefferson J. Cravens."

The appearance bond given by the defendant as principal, and F. A. Davis, W. A. Turner, D. Wilkerson and G. A. Soape, as his securities, jointly and severally for the sum of one thousand dollars, dated the 10th day of April, 1858, was conditioned that the defendant, Cox, should appear, &c., at the time and place appointed by law, to answer the charge preferred against him by an indictment then pending in said court, and on which said capias was issued, charging him with "embezzling the money of Jas. J. Cravens."

On the 20th day of October, 1858, a forfeiture on the bond was taken, and the judgment *nisi* was rendered in the following form: "It is therefore considered by the court that the State of Texas recover of the defendant the sum of one thousand dollars, the amount of money specified in his said bond, and also of his said sureties, the amount of money for which they are respectively bound in said bond," &c.

The *scire facias* recited the fact that the grand jury filed in court at the time before stated an indictment against said Cox, "for the offence of using money which he had collected as sheriff of said county, without the consent of the owner thereof;" that the capias was issued, the defendant arrested, and bond taken as herein before stated, setting forth a copy of the bond; that the bond had been forfeited as stated, setting forth a copy of the entry on the minutes of the court, and concluding with a citation to the sureties to appear at the ensuing term of said court and

show cause why said Cox had made said default, otherwise the judgment *nisi* would be made final.

The sureties filed a general demurrer, and set forth the following grounds of exception, viz :

That the averments of the *scire facias* do not sufficiently set forth any offence of which the defendant, Cox, was accused.

That the indictment referred to in the *scire facias* does not show any offence against the laws of the State.

That the bond set out in the *scire facias* shows that the sheriff had no authority to arrest defendant on the charge described in said *scire facias ;* and because said *scire facias* does not distinctly state any offence, nor does it appear therefrom that defendant, Cox, was accused of any offence against the laws of the State.

The demurrer was sustained by the court, and judgment rendered for defendants; which ruling was assigned by the appellant as error.

*Attorney-General,* for the State.

BELL, J.—We are of opinion that the court below did not err in sustaining the demurrer to the *scire facias.* It is well established by numerous decisions of this court, and of other courts, that the *scire facias* which issues upon the forfeiture of a recognizance, or bail bond, stands in the place of a petition. It must therefore state the facts of which the parties are required to take notice, and which they are called upon to answer, with reasonable certainty. While precise verbal accuracy in the statement of the forfeiture and of the precedent circumstances is not required, still there must be averments which will put parties upon notice, and which will authorize the court to render final judgment, unless the parties show sufficient reason why final judgment should not be rendered. If the *scire facias* contain these necessary averments, other unnecessary averments will be treated as surplusage, not affecting the validity of the *scire facias.* (Davidson v. The State, 20 Tex. R., 649; The State v. Weaver and others, 18 Ala. R., 293; Browder v. The State, 9 Ala. R., 58.)

The State v. Cox.

It is not a valid objection, therefore, that the bond which is recited in the *scire facias* recites a different offence from that named in the indictment, because the court, on the trial of the issues upon the *scire facias*, will not look back to the indictment, and virtually decide upon the sufficiency of the indictment, in deciding upon an objection to the bond. (The State v. Weaver and others, 18 Ala. R.) We do not mean to say that a party could not go into court, at the proper time, and have a bond or recognizance quashed, if it did not describe or name the offence of which he was charged in the indictment.

But there is one objection to the *scire facias* in this case which we think is fatal upon demurrer. The judgment *nisi* does not specify the sum of money in which the sureties were bound, and which it was adjudged that the State should recover from them. The recital of the judgment *nisi* is that "the State shall recover of the sureties the amount of money for which they are respectively bound in said bond." The clerk in entering the judgment *nisi* has followed the instructions contained in the 408th article of the Code of Criminal Procedure somewhat too literally. The amount of money for which the judgment is rendered against both the principal obligor and the sureties, should be specified in the judgment *nisi*. The principal obligor may be bound in one sum, and the sureties in another sum.

For these reasons the judgment of the District Court is affirmed.

Judgment affirmed.