[Nos. 1546, 1547 and 1548.]

JOHN HESTER *v.* THE STATE.
W. ARRINGTON *v.* THE STATE.

1. PRACTICE—BAIL BOND—INDICTMENT.—The sufficiency or validity of an indictment cannot be called in question in a *scire facias* proceeding upon a forfeited bail bond.

2. SAME—EVIDENCE.—A *scire facias* proceeding upon a forfeited bail bond is, in effect, a suit upon the bond, in which the *scire facias* serves the double purpose of petition and citation. The foundation of the suit is the bond and the judgment *nisi*, which is the judicial declaration of the forfeiture; and the production in evidence of the bond and judgment *nisi* is essential to the maintenance of the suit. That the bond was produced on the forfeiture proceedings before judgment *nisi* does not dispense with the necessity of its production upon the subsequent proceedings for judgment final.

APPEALS from the District Court of De Witt. Tried below before the Hon. H. C. Pleasants.

The appeals in these cases were prosecuted from the forfeiture of appearance bonds in two cases of John Hester and one case of Willis Arrington, each bailed upon the charge of the theft of cattle. The amount of the bond and judgment in each case was two hundred and fifty dollars.

*Fly & Davidson* and *A. B. Davidson*, for the appellants.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. These three cases are all appeals from judgments final upon forfeited appearance or bail bonds. Theft was the offense the accused was obligated by said bonds to appear and answer, at the next term of the District Court. Each bond is in substantial compliance with the statutory requisites. (Code Crim. Proc., Art. 288.) Indictments were found by the grand jury at the next succeeding term of court, but in preparing the bills of indictment the prosecuting officer followed the "common sense" form for theft, which has been expressly

declared by this court to be insufficient to charge that offense. (*Williams* v. *The State,* 2 Texas Ct. App., 395.)

Two questions are involved and relied on for reversal of the judgments, viz:

1. The indictment being wholly insufficient and fatally defective as an indictment for theft, the judgment of forfeiture cannot be upheld.

2. On the trial, the appearance bond was not offered in evidence as a basis for the judgment, and therefore the judgment is without evidence to support it.

With regard to the first proposition, the argument is that the indictment being fatally defective, the bond was in the same condition as though no indictment had been preferred at all. In other words, that the bond became *functus officio,* as would have been the case had the grand jury ignored, or failed to find a bill at the next term. (Code Crim. Proc., Art. 452, subdivision 4.)

Such, however, is not the rule where action has been taken by the grand jury in the premises. If they have returned an indictment against the accused for the offense named in the bond, he must appear and answer, or be ready to answer, to that indictment, whether it be sufficient and valid or not. Its validity or invalidity does not affect the obligation of himself and sureties under the bond. As said in the case of *The State,* v. *Ake*: "The question has been definitely settled, that the securities on a bail bond, or recognizance, cannot be heard on any question touching the sufficiency of the indictment. The bond, or recognizance, is conditioned for the appearance of the principal. His failure to appear precludes them from calling in question the sufficiency of the indictment or the guilt of the accused." (41 Texas, 166; *The State* v. *Cox,* 25 Texas, 404.) His appearance is what the State desires, and proposes to secure by the bond. When he appears and pleads to the indictment, its defects may be made apparent, by his defenses or otherwise, and a good and sufficient one be had, upon which he can be tried. He must, at all events, then, be there, so that the State, if she so desires, can hold him until he can be tried upon a valid indictment.

As to the other objection, that is, that the appearance bond was not offered in evidence, and that therefore the judgment is without evidence to support it, we are of opinion the objection is well taken. In answer to the *scire facias* the sureties had, amongst other things, pleaded a general denial. This plea,

since the proceedings are in the nature of a civil action upon the bond, would necessarily make it incumbent upon the State to produce the bond in evidence.

But it may be said that has already been done on the forfeiture proceedings before judgment *nisi*, and that the judgment *nisi* is conclusive of the matter. It must be remembered, however, that all the proceedings in such cases are *ex parte* up to the service of the *scire facias* on the sureties. After such service for the first time have these sureties the right to be heard in the case; and none of the previous proceedings are binding upon them until they have had an opportunity of showing " why the judgment *nisi* shall not be made final." By their general denial they say, in effect, to the State, "you have no bond." The State must meet this denial by producing the bond in evidence, just as the plaintiff is required to produce in evidence his promissory note where the general denial is pleaded to an action upon it. As was said by this court in *Houston et al.* v. *The State*, 13 Texas Court of Appeals, 560: "A proceeding upon a forfeited bail bond is in effect a suit upon the bond, in which the *scire facias* serves the purpose of both a petition and a citation. Its foundation is the bond and the judicial declaration of the forfeiture of the bond, which is the judgment *nisi*. To entitle the State to a judgment final it must prove the cause of action as in a civil suit. This proof is made by, first, the bond, and, second, the judgment *nisi* declaring its forfeiture."

Because the judgments final were rendered without sufficient evidence to support them, the judgment in each of these cases is reversed and each of the cases remanded for a new trial.

*Reversed and remanded.*

Opinion delivered February 13, 1884.