R. W. SHEEGOG v. THE STATE.

No. 1483.   Decided March 26, 1898.

1. Notice of Appeal—Entry Nunc pro Tunc After Appeal Perfected.

After an appeal has been perfected by the filing of the record in the Court of Criminal Appeals, the trial court has no authority or jurisdiction to enter nunc pro tunc a notice of appeal.

2. Jurisdiction of Trial Court Pending an Appeal.

After a record has been filed in the Court of Criminal Appeals, the trial court has lost all jurisdiction to make entries or to perform any act in connection with the case except to substitute lost or destroyed papers.

APPEAL from the County Court of Montague. Tried below before Hon. P. P. DUNFORD, County Judge.

Appeal from a conviction for libel; penalty, a fine of $300 and ninety days imprisonment in the county jail.

The Assistant Attorney-General filed a motion to dismiss the appeal, "because it appears from the record herein that no notice of appeal was given in the court a quo, and hence this court has no jurisdiction."

In reply to this motion appellant filed the following certified copy of a nunc pro tunc judgment entered in the trial court:

*The State of Texas v. R. W. Sheegog, No. 2514.   March 15, 1898.—* This day came on to be heard the motion in writing of the defendant filed herein, asking that his notice of appeal given in this cause in open court on June 11, 1897, as appears from a memorandum on the judge's docket made at that time, be entered herein nunc pro tunc upon the minutes of this court, and the State being present by her county attorney, and the court having heard the motion, and being satisfied that the statements herein are true, and having examined the docket of the judge and having found that a memorandum of such notice of appeal was made thereon by the judge on said June 11, 1897, and being satisfied that by an oversight of the clerk of this court the same was not entered of record in the minutes of this court, is of opinion that said motion should be granted. It is therefore considered, ordered, and adjudged by the court that the following notice of appeal which was given in open court herein on the 11th day of June, 1897, a memorandum of which was made upon the docket of the court, but which was not then entered upon the minutes of this court, be now entered upon the minutes of this court as of said last named date, to wit: "The State of Texas v. R. W. Sheegog. No. 2514. June 11, 1897. —This day in open court the defendant R. W. Sheegog gave notice that he appealed from the judgment of conviction herein rendered against him to the Court of Criminal Appeals of Texas, which notice is here now entered of record."

*Hazelwood & Smith,* for appellant, on the State's motion to dismiss.— Now comes the appellant, and for reply to the motion of the State to dis--

miss his appeal herein, for the reason that no notice of appeal appears in the transcript to have been given and entered of record in the court below, says:

First. That he files herewith a certified copy of a judgment entered nunc pro tunc in the court below, which shows that said notice of appeal was actually given but was not entered of record as required by law; which said record it is agreed, as shown by the written agreement indorsed thereon, may be considered as a part of the record in this cause. That the court from which the appeal in this cause is prosecuted had jurisdiction to enter said order or any other orders in said cause until said notice of appeal was so entered of record, and that the entry of said notice of appeal perfects the appeal herein.

Second. Appellant says that in his bill of exceptions number 2, which appears on page 17 of the transcript herein, the following language is used: "Defendant entered into said recognizance on the said 11th day of June, 1897, and perfected his appeal in said cause to the Court of Criminal Appeals of the State of Texas." Which said bill of exceptions is signed by the judge of the court from which the appeal is prosecuted, and constitutes a part of the record in this cause, and is sufficient evidence or record of notice of appeal herein.

Appellant contends that the County Court of Montague County had authority to enter nunc pro tunc any judgment at a term subsequent to the term of trial which it could safely enter by any memorandum made at the time of the trial, and thinks this position and contention is supported by the case of Blum v. Neilson, 59 Texas, 378, and by Freeman on Judgments, section 65; and that upon the entry of said judgment, that the same would be retroactive and would have the same force and effect as if entered at the time the memorandum was made.

This court has held that where notice of appeal has been given in open court and the same has been entered of record in the court below, that the court below would have no jurisidiction to make any order or have any transactions in the cause thus appealed; that a recognizance could not be entered nunc pro tunc after the notice of appeal was given and entered of record at least at a subsequent term. Appellant contends that there is this distinction of this cause from those cases: That in this cause, while the notice of appeal had been given, that the same had not been entered of record, and that the jurisdiction of this court had not attached until the same was entered of record. Morrow v. State, 38 S. W. Rep., 1003. If jurisdiction does not attach until the notice of appeal is entered of record in the court below, then the court below had not lost jurisdiction to enter the notice nunc pro tunc herein. Under the authority of Lewis v. State, 34 Texas Criminal Reports, 126, it would seem that this court does not require a strict compliance with article 883, Code of Criminal Procedure, and we submit that the statements in bill of exceptions number 2, while stating that notice had been given rather as a conclusion, is a part of the record, and is sufficient to sustain the jurisdiction of this court herein.

Again, in the case of Hill v. State, 4 Texas Criminal Appeals, 559, it appears that the reasons given by the court for the refusal to consider the judgment nunc pro tunc in that case was, that notice of appeal had been given in that cause and entered of record. The exact extent of the holding of this court in Lewis v. State, 30 Southwestern Reporter, 231, is not understood by appellant, but there is an intimation in that case that if the case had not been finally disposed of, that then the nunc pro tunc order might have been considered.

The precise question raised in this case has not, so far as appellant is aware, been passed upon by this court. This court has been disposed to construe article 883, Code of Criminal Procedure, liberally. Appellant contends that, under the facts of this case and in view of the previous holdings of this court, both the clause in bill of exceptions number 2, referred to, and the judgment nunc pro tunc, a copy of which is herein filed, will support the appeal herein, and that the State's motion to dismiss this appeal should be overruled.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of libel. Motion is made by the Assistant Attorney-General to dismiss the appeal because the record does not contain a notice of appeal. An inspection of the record shows this to be true. Since the filing of the record and motion to dismiss appeal, appellant secured the entry on the minutes of the trial court of a judgment nunc pro tunc, showing that notice of appeal was given in the court below. We can not consider the notice as contained in said judgment nunc pro tunc. After a record is filed in this court, the trial court has lost all jurisdiction to make entries or to perform any act in connection with the case pending said appeal, except to substitute lost or destroyed papers. See Lewis v. State, 34 Texas Crim. Rep., 126; Youngman v. State, 38 Texas Crim. Rep., 459; Quarles v. State, 37 Texas Crim. Rep., 362. The motion to dismiss the appeal must be sustained, and it is so ordered. Appeal dismissed.

*Dismissed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]