## J. D. CURFMAN ET AL. v. THE STATE.

### No. 4472. Decided May 16, 1917.

#### 1.—Scire Facias—Appeal Bond—Adjournment of Court.

Where an appeal bond, in which appellant who had been convicted of forgery, taken after the adjournment of the District Court, in the county in which he had been convicted, and while the same judge was holding court in another county of the district, and approved by him and the sheriff of the county of the conviction, the contention that said judge had no authority to do this is not well taken; and the judgment nisi substantially conforming to the statute was valid. Distinguishing Laird v. State, 79 Texas Crim. Rep., 129.

#### 2.—Same—Citation—Surety—Principal.

Where the citation on a judgment nisi was issued and served upon all of the sureties except one, and was not served upon the principal, and the case as to the surety who was not served was dismissed, and judgment final entered against the rest, there was no error, as it was not necessary to serve the principal.

#### 3.—Same—Judgment Nisi—Statutory Requirements—Citation.

Where the citation issued upon a judgment nisi against the sureties was not in compliance with the statutes, did not state the amount of the forfeiture, etc., the same was insufficient, as the same serves the double purpose of a petition and a citation, and where the answer pointed out these defects and contained a general denial, the same should have been sustained, and proper citation issued. Following Arrington v. State, 13 Texas Crim. App., 554, and other cases.

Appeal from the District Court of Cherokee. Tried below before the Hon. L. D. Guinn.

Appeal from a judgment final on an appeal bond in the penal sum of twenty-five hundred dollars.

The opinion states the case.

*Adams & Stennis,* for appellants.—Sanders v. State, 70 Texas Crim. Rep., 532, 158 S. W. Rep., 291; General Bonding Co. v. State, 165 S. W. Rep., 615, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This appeal is prosecuted from a
final judgment in a scire facias proceeding. The principal, H. W. Fer-
guson, was convicted of forgery. On appeal to this court that judg-
ment was affirmed. Pending the appeal he gave an appeal bond. The
case was affirmed and the mandate sent down. Upon receipt of the
mandate the clerk issued a capias for the arrest of the principal, Fer-
guson. The judgment recites that he was not to be found but had
"run off." Judgment nisi was entered and citation issued.

The appeal bond given by Ferguson to prosecute his appeal to this
court was taken after adjournment of the court at which he was con-
victed and while the same judge was holding court in Nacogdoches
County. The sheriff and the judge both approved the bond. The court,
as before stated, was not in session in Cherokee County where the for-
feiture occurred. We are of opinion that the proposition urged by ap-
pellants, that the judge had no authority to do this is not well taken.
Had the court been in session in Cherokee County the proposition would
have been sound. When court adjourned in Cherokee County the court
had no further jurisdiction to enter recognizance in that county, and
he could not enter one in this case while he was holding court in
Nacogdoches County. This is not like the case of Laird v. State, 79
Texas Crim. Rep., 129, recently decided by this court, and it is thought
unnecessary to discuss that case and the difference between that and
this case.

The judgment nisi seems to have been reasonably in accord with the
law. The citation was issued and served upon all of the sureties per-
haps but one and was not served upon the principal. It seems under
the law it is not necessary to serve the principal. The case as to the
surety not served was dismissed.

The main proposition and one it seems to us to be well taken, is ap-
pellants' attack in their answer on the citation. The citation recites
the fact that appellants entered into an appeal bond, naming the sureties,
in the sum of $2500, conditioned that the defendant, who stands charged
with the offense of forgery, a felony, and who had been convicted of
the offense of forgery on the 5th day of February, 1916, shall appear
before the court from day to day and term to term. And that on the
27th day of June, 1916, before the District Court of Cherokee County
then in session, defendant was called to abide a judgment of affirmance
in the cause by the Court of Criminal Appeals, but he failed to appear
and answer and his bond was forfeited. It was further ordered that
the judgment be made final, unless good cause should be shown at the
next term of the court why the defendant did not appear. Then fol-
lows the commands to the sheriff to summon the sureties to appear
before the District Court of Cherokee County at its next term to be
begun and holden on the 11th day of December, 1916. This is the
citation.

The answer set up, first, that the defendants excepted generally to
the citation, bond and judgment nisi because same fail to state a cause

of action against these defendants, or either of them; second, for answer these defendants deny each and all the allegations by the State and call for proof of same. The third ground of the answer is to the effect that the bond was illegal because it was executed by the principal and sureties after an alleged conviction of the principal in the District Court of Cherokee County, and the bond was executed while the court was in regular session in another county and not in vacation; and was not executed in open court, and was not approved by this court, and said bond was invalid and a nullity and should be held for naught. The fourth ground sets up the fact that the sureties have been diligent in their efforts to bring before the court the principal, H. W. Ferguson.

We are of opinion that appellants' contention should have been sustained with reference to the citation because it is not in compliance with the statute. Article 491 of the Code of Criminal Procedure provides that the citation must contain seven requisites. The fifth ground or requisite of that article is the one upon which appellants rely. It is in the following language: "It shall state that such recognizance or bail bond has been declared forfeited, naming the court before which the forfeiture was taken, the time when taken, and the amount for which it was taken against each party thereto." The sixth requisite is it shall notify the sureties to appear at the next term of the court and show cause why the forfeiture should not be made final. Recurring to the citation, it will be noticed that the amount for which the forfeiture was taken is not stated in the citation. The statute so requires it. It was not done. The citation serves the double purpose of a petition and a citation, and, of course, must set out all the necessary matters to be adjudicated when the parties are brought into court. Cowen v. State, 3 Texas Crim. App., 380; Brown v. State, 43 Texas, 349. That the citation must set out the amount of the judgment rendered, see article 491, C. C. P., already mentioned; 25 Texas, 404. This has been the rule both by statute and decision in the history of our Code of Criminal Procedure. These matters were pretty thoroughly investigated in these different cases, and it is thought not necessary to collate a greater number of them. The general denial puts in issue all material and issuable allegations in the citation. Short v. State, 16 Texas Crim. App., 44; Houston v. State, 13 Texas Crim. App., 560; Hall v. State, 20 Texas Crim. App., 27; Baker v. State, 21 Texas Crim. App., 359. That the citation performs the double office of petition and citation many cases might be cited, but see Arrington v. State, 13 Texas Crim. App., 554; State v. Cox, 25 Texas, 404; Brown v. State, 43 Texas, 349; Goodin v. State, 14 Texas Crim. App., 443. Appellants' contention should have been sustained in the court below and a new legal and proper citation issued.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*