## A. E. COCKRELL ET AL. V. THE STATE.

### No. 6037. Decided February 23, 1921.

### Rehearing denied March 30, 1921.

**1.—Scire Facias—Recognizance—Bail Bond—Vacation.**

Where upon appeal from a final judgment upon a forfeiture of a bail bond, appellant contended that the bond was taken at a subsequent session of the District Court, and not in vacation, and that therefore it was void, held: that such contention is untenable. Distinguishing Laird v. State, 79 Texas Crim. Rep., 129.

**2.—Same—Statutes Construed—Words and Phrases—Vacation.**

The term "vacation" as used in Article 904, C. C. P., is not used for limitation but for inclusion, and that the bond mentioned in said article may be made in vacation as well as during a subsequent sitting of the court;

and the matter of a recognizance taken after the expiration of the term, is not involved. Distinguishing Curfman v. State, 81 Texas Crim. Rep., 324, and other cases.

### 3.—Same—Legislative Intent—Statutes Construed—Appeal Bond.

The Legislature of 1907 had in mind the enactment of laws to meet all conditions of confinement of one accused of crime and to make sure the terms of bail in all such cases, and, therefore, a bail bond for appeal taken by the sheriff and approved by the court, after the expiration of the trial term, is valid, although approved while a subsequent term of the court was in session. Following King v. State, 83 Texas Crim. Rep., 304.

### 4.—Same—Married Woman—Statutes Construed—Surety.

By the provisions of Chapter 32, Acts of the Regular Session, Thirty-third Legislature, it is specifically provided that a married woman may become surety on a bond if joined by her husband in the execution of such instrument.

### 5.—Same—Rehearing—Recognizance—Appeal Bond—Common Law Bond.

After the adjournment of the term, the trial court can make no further orders in an appealed case, except to correct records or substitute same; and an original obligation for an appeal after the expiration of the trial term, in a felony case, should be in the form of an appeal bond, conditioned as required by the statute, and is not a Common Law Bond. Following Quarles v. State, 37 Texas Crim. Rep., 362.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a final judgment under forfeited bail bond; in the sum of $3500.

The opinion states the case.

*McLean, Scott & McLean,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—This is an appeal from a final judgment of the Criminal District Court of Tarrant county upon a forfeiture of a bail bond made by Cockrell on appeal from a conviction of a felony to this court.

In their answer herein appellants plead, and the fact is admitted by the State, that Cockrell gave no recognizance for appeal during the term at which he was convicted, and none during vacation after the adjournment of such term, but while court was in session during its next succeeding term he made a bond under the terms of Article 904 C. C. P., said bond being duly approved by the sheriff and the trial court, upon which Cockrell was given his liberty, and the forfeiture of which forms the basis of this judgment. Appellants' contention is that such bond can be made at no other time than when the trial court

is in vacation, and, having been made during term time, same is void. We are cited to no authorities by appellants. The question is discussed in Laird v. State, 79 Texas Crim. Rep., 29, 184 S. W. Rep., 810, but what is there said as bearing on the point here involved, is *obiter dicta,* and we are not inclined to follow same. The point at issue in that case was the jurisdiction of this court in a case where the appellant had entered into a recognizance for appeal at a subsequent term to that of his trial, and the court then concluded that it had jurisdiction, thereby affirming that a recognizance made at such subsequent term would be valid. We are not now discussing said question which may or may not have been rightly decided.

Article 904 C. C. P., is as follows: "If, for any cause, the defendant fails to enter into and make the recognizance mentioned in Article 903 during the term of court, but gave notice of and took an appeal from such conviction during such term, he shall, notwithstanding such failure, be permitted to give bail and obtain his release from custody by giving, after the expiration of such term of court and in vacation, his bail bond to the sheriff, with two or more good and sufficient sureties, in which the defendant, together with his sureties, shall acknowledge themselves severally indebted to the State of Texas in the sum of money fixed by the court, upon the conditions as are provided for in recoignizances in Article 903; but before such bail bond shall be accepted and the defendant released from custody by reason thereof, the same must be approved by such sheriff and the court trying said cause, or his successor in office. That when said bond is so given, approved and accepted, the defendant shall be released from custody."

We agree with the statement of the legislative purpose of this article as made in the majority opinion in the Laird case, *supra,* but are of opinion that said purpose would be fully carried out by enlarging the accused after the expiration of the trial term by means of a bail bond executed under the terms of Article 904, whether during a session of court or in vacation. Prior to the enactment of said article in 1907, if one who had been convicted of a felony failed to make his recognizance for appeal during the trial term, he must lie in jail to await the final disposition of his case, at cost to the State and hardship to him, if entitled to a reversal. To meet this situation said article was enacted, thus providing both methods of making obligations for appeal, whose execution would allow the accused to be released from custody pending such appeal, that is, a recognizance having such object being already provided by a prior article if made during term time, this article provided for a bail bond to effect said object made after term time. We do not think the use of the words "and in vacation" in said article to be for limitation, but for inclusion, and that said words serve the purpose of making it plain that the bond mentioned may be made in vacation as well as during any subsequent sitting of the court. It might be questioned if the trial court could make

such order as is involved in a recognizance after the expiration of the term at which a case is tried and appeal taken, but that matter is not now before us.  In Curfman v. State, 81 Texas Crim. Rep., 324, 195 S. W. Rep., 195, Judge Davidson, speaking of a recognizance in a forgery case, said:  "When court adjourned in Cherokee County, the court had no further jurisdiction to enter recognizance in that County, and he could not enter one in this case while he was holding court in Nacogdoches county."  In King v. State, 83 Texas Crim. Rep., 304, 203 S. W. Rep., 52, same being a burglary case, we used this expression:  "Failing to make a recognizance during the term, he may, after the term, be released pending his appeal by the execution of an appeal bond which must be approved by the sheriff and by the court trying the case.  Article 904, Vernon's C. C. P., pp. 873, 874."  At the same session of the Legislature which enacted Article 904, C. C. P., Article 325 thereof, which had theretofore forbidden the sheriff taking appearance bonds in felony cases while court was in session in the county of the prosecution, was amended and the express power given such sheriff, by the amendment, to take such bond during the term, the amount of such bond having been fixed by the court.  Power in such sheriff to take such bond after the adjournment of the term and while the trial court was not in session, already then existed by virtue of Article 326 of White's Ann. C. C. P.  ˙ This is mentioned to show that the Legislature of 1907 seemed to have in mind the enactment of laws to meet all conditions of confinement of one accused, and to make sure the terms of bail in all such cases.  Our conclusion, as announced in the King case, *supra,* is that a bail bond ʼfor appeal taken by the sheriff after the expiration of the trial term, duly approved by the trial court, is valid.

Appellants also contend that such bond is invalid as to May E. Smith, one of the sureties, because she is a married woman.  By the provisions of Chapter 32, Acts Regular Session Thirty-Third Legislature, 1913, it is specifically provided that a married woman may become surety on a bond if joined by her husband in the execution of such instrument.  By reference to the bond herein declared on it is manifest that same was executed by R. H. Smith and May E. Smith, and that both acknowledged their execution of same before a notary public in due form as husband and wife.

Finding no error in the judgment same will be affirmed.

*Affirmed.*

ON REHEARING.

March 30, 1921.

LATTIMORE, Judge.—It is specifically provided in Article 916, Vernon's C. C. P., that the effect of an appeal is to suspend and arrest all further proceedings in the trial court, save in certain statutory ex-

ceptions. After the adjournment of the term the trial court can make no further orders in an appealed case, except to correct records or substitute same. Sheegog v. State, 39 Texas Crim. Rep., 126. We see no reason to believe that the trial court is given any power to take a recognizance for appeal after the adjournment of the trial term by the terms of Article 904, Vernon's C. C. P. To so conclude would be out of harmony with our statutes and decisions. Quarles v. State, 37 Texas Crim. Rep., 362. We adhere to our view that after the expiration of the trial term, an original obligation for an appeal in a felony case should be in the form of an appeal bond conditioned as required by the statute. Our view that the appeal bond in this case was sufficient and is the statutory bond, obviates any necessity for further discussion of the matters raised in this motion for rehearing, which are based on the hypothesis that said bond is merely a common law obligation.

The motion for rehearing is overruled.

*Overruled.*