COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

 

                              CAUSE NUMBER
13-01-535-CV

 

 

JAMES E. VANNOY AND

GUY WILLIAMS D/B/A

FREEDOM BAIL BONDS,                                              Appellants,

 

                                                   v.

 

THE STATE OF TEXAS,                                               Appellee.

                                                                                                                                       

 

                                                                                                                      


                              CAUSE NUMBER 13-01-536-CV

 








 

ARMANDO SEVILLA AND

GUY WILLIAMS D/B/A

FREEDOM BAIL BONDS,                                              Appellants,

 

                                                   v.

 

THE STATE OF TEXAS,                                               Appellee.

 

 

                              CAUSE NUMBER
13-01-537-CV

 

 

JASON MARTINEZ AND

GUY WILLIAMS D/B/A

FREEDOM BAIL BONDS,                                              Appellants,

 

                                                   v.

 

THE STATE OF TEXAS,                                               Appellee.

 

 

                              CAUSE NUMBER
13-01-538-CV

 

 

JACK DEMPSEY HALE AND

GUY WILLIAMS D/B/A

FREEDOM BAIL BONDS,                                              Appellants,

 

                                                   v.

 

THE STATE OF TEXAS,                                               Appellee.

 

                                                    

                              CAUSE NUMBER
13-01-563-CV

 








 

JASON MARTINEZ AND

GUY WILLIAMS D/B/A

FREEDOM BAIL BONDS,                                              Appellants,

 

                                                   v.

 

THE STATE OF TEXAS,                                               Appellee.

 

 

 

                   On appeal from the County
Court at Law No. 3 

                                  of Nueces
County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 

These are
appeals from a final judgment forfeiting a bail bond after entry of a judgment nisi.  In each case, by a single point of error,
appellant, Guy Williams d/b/a Freedom Bail Bonds, complains the trial court
erred in rendering the final judgment because the bail bond was not admitted
into evidence.  This issue was recently
raised and decided in Guy Williams d/b/a Freedom Bail Bonds v. State,
No. 13-01-00822-CV, 2002 Tex. App. LEXIS 5849, at *6-7 (Corpus Christi Aug. 8,
2002, no pet. h.) (designated for publication) .  We follow the decision in that case, and
accordingly reverse and render.








Because the
facts in all of these appeals are similar, we address them together.  After the appellant=s bailees were
originally released from jail on bond, they failed to appear at trial and the
court entered judgment nisi on each. 
The judgment nisi recites in each case that appellant is the
surety on the bond.  Citation was issued
and served on appellant as surety on the bail bond.  In accordance with Texas Rule of Civil
Procedure 93, appellant filed verified answers specifically denying that he or
the bailees had signed the bond.  On June
20, 2001, both the State and appellant appeared for these bond forfeiture
trials. In each case, appellant objected to the court taking judicial notice of
the bond.

Appellant
contends the State failed to meet its burden of proof at trial because it did
not introduce the bail bond into evidence. 
We agree.








In bail bond
forfeiture trials, the State has the burden of proof.  See Deckard v. State, 615 S.W.2d 717,
718 (Tex. Crim. App. [Panel Op.] 1981); Deckard v. State, 605 S.W.2d
918, 921 (Tex. Crim. App. [Panel Op.] 1980). 
The bond and the judgment nisi are the two essential elements of
the State=s cause of
action.[1]  Tocher v. State, 517 S.W.2d 299, 301
(Tex. Crim. App. 1975).  Traditionally,
in a bail bond forfeiture trial, it has been necessary for the State to present
and offer the bond and the judgment nisi into evidence.  Hester v. State, 15 Tex. Ct. App. 418,
419-20 (1884), overruled in part by Hokr v. State, 545 S.W.2d 463 (Tex.
Crim. App. 1997).  Now, it is no longer
necessary for the State to introduce the judgment nisi into
evidence.  In Hokr, the Court of
Criminal Appeals held that a trial court may take judicial notice of the
judgment nisi.  Hokr, 545
S.W.2d at 466.  However, the Hokr
court did not address whether a trial court may take judicial notice of the
bail bond because the bond in that case had been admitted into evidence.  See id.  We have found no authority allowing a trial
court to take judicial notice of a bond in a bail bond forfeiture
proceeding.  Consequently, we conclude
the State must offer into evidence the original bail bond in order to be
entitled to a final judgment.  See
Hester, 15 Tex. Ct. App. at 420.

In the present
cases, appellant placed the authenticity of the bond in dispute by filing a
general denial, by specifically denying the validity of the bond, and by
objecting to the trial court taking judicial notice of the bond.  Because appellant put the bail bond at issue,
we hold the State was required to present the bond at trial and offer it into
evidence.

Further, Texas
Rule of Evidence 201 provides that a judicially noticed fact must be one not
subject to reasonable dispute and capable of accurate and ready determination
by resort to sources whose accuracy cannot reasonably be questioned.  Tex.
R. Evid. 201(b).  Because
appellant denied having signed the bond, we conclude it was subject to reasonable
dispute.  Therefore, judicial notice of
the bond was improper.

Because the
State failed to introduce the bail bond into evidence, we hold it failed to
meet its burden of proof.  Appellant=s sole point of
error in each case is sustained.

The trial court=s final
judgments in these cases are reversed and judgment is rendered in each case
that the State take nothing against appellant.

 

 

 

 

 

                                                              
                                                       

LINDA REYNA
YAÑEZ








Justice

 

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

29th day of August, 2002.

 

 











[1]"A
bond forfeiture is a criminal action, but after the entry of the judgment nisi
all the proceedings, unless otherwise provided, are governed by the same rules
as govern in civil cases; that is, by the applicable Rules of Civil Procedure.@  Tinker v.
State, 561 S.W.2d 200, 201 (Tex. Crim. App. 1978) (quoting Blue v. State,
341 S.W.2d 917 (1960)); Fisher v. State, 832 S.W.2d 641, 643 (Tex. App.BCorpus Christi 1992, no pet.).